No. 15,756.

## CLARK *v.* CLARK.

WILL.—*Election Under.—Husband and Wife.*—Where a wife dies testate, making provision in her will for her husband, the husband may elect to take under the will or under the law, but can not take under both; and when he elects to take under the one, he divests himself of his rights under the other.

VERDICT.—*Should Have Reasonable Construction.—Technical Defects.*—A verdict, however informal, is good if the court can understand it. It is to have a reasonable intendment, and to receive a reasonable construction, and is not to be avoided unless from necessity, and, if rendered upon substantial issues of fact, should not be disregarded on account of mere technical defects.

From the Elkhart Circuit Court.

*H. C. Dodge* and *J. S. Dodge,* for appellant.

*J. H. State* and *L. Chamberlain,* for appellee.

COFFEY, J.—This was an action for the partition of real estate. The complaint is in the usual form. The appellee answered, in substance, that Ruth Clark, who was the mother of the appellee, died testate, devising the land in dispute to David J. Clark, her husband, for life, with remainder over in fee to the appellee; that said David elected to take under the will, and departed this life on the 19th day of May, 1889, whereby the appellee became the owner in fee of the whole of the land.

The appellant replied by general denial.

The cause was tried by jury, resulting in a special verdict, upon which the court rendered judgment for the appellee.

The court did not err, in our opinion, in overruling a demurrer to the answer.

It is true that under the provisions of section 2485, R. S. 1881, the husband, at the death of his wife, takes one-third in fee of the land of which she died seized, whether she died testate or intestate; but where the wife leaves a will, making provision for the husband inconsistent with his rights

under the law, no valid reason can be assigned, in our opinion, why he may not elect to abandon his rights under the law, and take in lieu thereof the provisions made for him by the will.

To deny this right renders it impossible for the wife to make a provision for the husband in lieu of his legal right, however advantageous to him it may be, for it will not be contended that if a provision is made in lieu of his legal rights that he may take both.

Such a contention would be in the face of all the authorities by which wills are construed and enforced.

The case *O'Hara* v. *Stone*, 48 Ind. 417, is not in point here for the plain reason that the wife in that case made no provision in her will for the husband, and he was not under the necessity of making an election. In this case, however, the will of Mrs. Clark devises the fee of the whole of the land owned by her at the time of his death to the appellee, and carves out a life estate for her husband, David J. Clark.

This is inconsistent with the rights of the husband under the law. He could not take one-third in fee and the remainder for life. *Wright* v. *Jones*, 105 Ind. 17.

We think, therefore, that if he elected to take the provisions made for him under the will of his wife, he divested himself of his statutory rights, and upon his death there was nothing to descend to the appellant, his grandson.

It is true that the verdict in this case is somewhat vague and uncertain, but the fair inference to be drawn from its language is that David J. Clark elected to take under the will of his deceased wife. This was the vital issue between the parties. A verdict, however informal, is good if the court can understand it. It is to have a reasonable intendment, and to receive a reasonable construction, and is not to be avoided unless from necessity. If rendered upon substantial issues of fact, presented by the pleadings, it should not be disregarded on account of mere technical defects. *Daniels* v. *McGinnis*, 97 Ind. 549.

Under this rule the verdict before us was sufficient to authorize a judgment for the appellee.

It may well be doubted as to whether evidence of the mental condition of David J. Clark was admissible under the issues in this cause. At all events the court did not err in the matter of which the appellant complains.

There is no error in the record for which the judgment of the circuit court should be reversed.

Judgment affirmed.

Filed May 23, 1892.