Rowley *et al. v.* Sanns *et al.*

Filed April 24, 1895.

———————◆———————

No. 17,330.

ROWLEY ET AL. *v.* SANNS ET AL.

DESCENT.—*Husband Inheriting from Wife.—No Children.*—A husband surviving his wife, where she leaves neither father, mother, child, nor other descendants surviving her, inherits all her real and personal property, and he may take one-third of such property, although her will provide otherwise.

SAME.—*Election to Take Under Will.—Inconsistent Claim.*—A husband, where his wife makes a will, can not elect to claim his right as surviving husband by claiming one third of her property absolutely under the statute of descent, and then claim a life interest in the remainder under her will.

Rowley *et al. v.* Sanns *et al.*

WILL.—*Election to Take Under.—Conveyance by Deed.*—A deed by a widower conveying land containing a recital that it is executed pursuant to a will of his deceased wife giving the land to him, is an election on his part to take under the will, and is a waiver of his right to claim the land under the law.

SAME.—*Devise to Heirs in Accordance with Laws of Descent.—Devise Over.* —A devise over to the testator's blood relatives in the same proportion as the property devised would have descended under the law, if the will had not been made, is valid.

SAME.—*Devise to Husband by Wife.—Election to Take Under Will.—Devise Over.—Power Given Husband to Sell.—Right of Heirs of Wife and Husband to Lands Conveyed.*—A devise to a husband by wife of an interest in her property during his life, "with full power and authority to sell and convey by deed in fee simple all or any part" of the real estate devised, "if the same shall be deemed by him necessary to his support and maintenance," and also providing that if he did not so dispose of such real estate during his life "that the same shall descend to" the testator's "blood relatives in proportion as the same would descend to them if the will had not been made," gives such husband power to sell and convey title to such land, and if he do not so convey it, then it goes to the blood relatives of the testator to the exclusion of the heirs of the husband.

SPECIAL FINDING.—*Evidentiary and Inferential Fact One and the Same Thing.*—Evidence recited in a special finding or verdict must be disregarded, but where an evidentiary fact and an inferential fact are one and the same thing, a recital of the evidentiary fact is sufficient.

From the Fulton Circuit Court.

*J. Rowley, M. A. Baker, I. Conner* and *W. W. McMahan,* for appellants.

*G. W. Holman, R. C. Stephenson* and *J. H. Bibler,* for appellees.

McCABE, C. J.—The appellants sued the appellees for partition of certain real estate in Fulton county, the complaint being in the ordinary form.

The appellees answered and filed a cross-complaint setting up title in themselves of all the real estate sought to be parted. Upon the issues formed there was a trial by the court resulting in a special finding of the facts

upon which the court stated conclusions of law favorable to the defendants upon which they had judgment.

The ruling of the court overruling the demurrer to the appellee's cross-complaint and the conclusions of law are assigned for error. As the same questions arise on the conclusions of law that arose on the demurrer to the cross-complaints, the conclusions of law alone will be considered.

The substance of the facts found is as follows: That the real estate in controversy consists of lots 67 and 68, old plat of the town of Rochester, Indiana; that they were owned by Mary Blohm, who was the wife of Wilhelm Blohm, at the time of her death; that she died October —, 1887, the owner of said lots, together with other lands in said county described in the complaint and cross-complaint, partition only being sought of said lots, and left surviving her said husband. She had made and executed a will dated May 29, 1884, containing the following provisions:

"1. I give and bequeath to my husband Wilhelm Blohm, for and during his natural life, the use, occupancy, rents and profits of all the real estate of which I may die seized, with full power and authority to sell and convey by deed in fee simple, all or any part of my real estate, if the same shall be deemed by him necessary to his support and maintenance.

"2. I give and bequeath to my said husband Wilhelm Blohm, all the personal property of which I may die seized or the owner of.

"3. Should any property, real or personal, of which I die seized remain undisposed of at the time of the death of my said husband, I direct that the same shall descend to my blood relatives in proportion as the same would descend to them if this will had not been made.

"4. I direct that this will shall be probated, but that

no letters testamentary shall be issued on same during the life of my said husband, nor the property above disposed of interfered with, either by the court or any of my heirs, during his lifetime."

That said will was duly probated in the office of the clerk of the Fulton Circuit Court and is recorded in the will record therein; that said Mary Blohm, at her death, left neither father, mother, child, nor children, or descendants of children surviving her; that subsequently, on May 9, 1889, said Wilhelm Blohm died intestate and left surviving him as his sole and only heir at law, John Blohm, his brother. Said Wilhelm Blohm left neither father, nor mother, nor child or children surviving him; that on December 15, 1892, said John Blohm, and his wife, by deed duly acknowledged, conveyed to the plaintiffs, Julius Rowley and Harriet Rowley, his wife, the undivided one-third of said lots; that this action was commenced December 24, 1892; that afterwards, on May 9, 1893, the said John Blohm, and his wife, by deed of conveyance, duly acknowledged, conveyed the undivided two-thirds of said real estate to said Julius Rowley and Harriet Rowley, plaintiffs; that the defendant, Rebecca Sanns, is the only surviving sister of Mary Blohm, and that her codefendants are the only surviving descendants of the brothers and other sisters of said Mary Blohm; that said Wilhelm Blohm, from the time of the death of his wife, exercised full power and control over all the property left by said Mary until his death; that Wilhelm Blohm disposed of and sold 160 acres of the land his said wife died seized of, lying one and one-half miles east of Rochester by deeds; that the deed for a part thereof to Levi Heilburn contains the following recital: "The grantor comes into possession of said real estate by virtue of the will of Mary Blohm, the wife of the grantor,

said will being recorded in will record C, at pages 131 and 132, in clerk's office of Fulton county, Ind.; that the grantor says the sale of said realty is necessary for his support and maintenance;'' that in the deed to Terressa . Levi and James Sanns for another part thereof is the following recital: ''Said grantor conveys said land by virtue of his ownership therein and by virtue of the power vested in him in the will of his late wife, Mary Blohm, which will was duly probated November 3, 1887, and duly recorded in the clerk's office in will record C of the Fulton Circuit Court;'' that immediately after the death of Mary Blohm said Wilhelm Blohm took the will of Mary Blohm to K. G. Shryock, one of the subscribing witnesses thereto, and procured him to have the same probated.

The court concludes the law to be:

1st. That the defendants are the owners of the lands mentioned and set out in the pleadings.

2d. That the plaintiffs took no title to the real estate in question by virtue of their conveyance from John Blohm and wife.

In *Clark* v. *Clark*, 132 Ind. 25, it was said: ''It is true that under the provisions of section 2485, R. S. 1881 (Burns R. S. 1894, section 2642), the husband, at the death of his wife, takes one-third in fee of the land of which she died seized, whether she died testate or intestate; but where the wife leaves a will, making provision for the husband inconsistent with his rights under the law, no valid reason can be assigned, in our opinion, why he may not elect to abandon his rights under the law, and take in lieu thereof the provisions made for him by the will. To deny this right, renders it impossible for the wife to make a provision for the husband in lieu of his legal right, however advantageous to him it may be, for it will not be contended that if a provision is made

in lieu of his legal rights that he may take both. * * *
In this case, however, the will of Mrs. Clark devises the
fee of the whole of the land owned by her at the time of
her death to the appellee, and carves out a life estate for
her husband, David J. Clark. This is inconsistent with
the rights of the husband under the law. He could not
take one-third in fee and the remainder for life. *Wright*
v. *Jones,* 105 Ind. 17.''

The same is true here. The surviving husband of the
testator, in the absence of a will by his wife, would have
inherited all her property, both real and personal, under
the facts found in the case before us. Burns R. S. 1894,
section 2651; R. S. 1881, section 2490; *Kyle* v. *Kyle,* 18
Ind. 108; *Sullivan* v. *McGowen,* 33 Ind. 139; *Lindsay* v.
*Lindsay,* 47 Ind. 283; *Waugh* v. *Riley,* 68 Ind. 482.

But it is insisted that Wilhelm would have taken the
same interest under the law that was attempted to be
vested in him by the will, and that in such a case the
law is that ''he is considered as having taken by descent
and not by purchase under the will,'' citing *Stilwell* v.
*Knapper,* 69 Ind. 558; *Davidson* v. *Koehler,* 76 Ind. 398;
*Robertson* v. *Robertson,* 120 Ind. 333.

But we have seen that it is not true that the provision
in the will in favor of the surviving husband is the same
interest that the law cast upon him, his wife having died
testate. Under the will he got the whole property dur-
ing life, with the right to sell so much thereof as he
might think necessary to his support and maintenance.
The law cast on him, absolutely, one-third of both the
real and personal property owned by his wife at her
death, and no more. Burns R. S. 1894, section 2642;
R. S. 1881, section 2485; Burns R. S. 1894, section
2649; R. S. 1881, section 2488. This he could take
against her will or any will she might make. But as
against such a will, he could take no more than such

one-third.   He could not, as we have seen, take the one-third absolutely and take the use, rents, issues and profits of the other two-thirds, or a life estate therein.

But it is contended that the power of disposition of the fee absolutely vested by the will in Wilhelm created an estate in fee simple in him, and that such estate descended to his only heir, John Blohm, the appellant's grantors.   And in support of this proposition, they cite *Robertson* v. *Robertson, supra,* at page 335, where it is said: "Where the devisee of a life estate has an unqualified right to sell, with the power of spending the proceeds at pleasure in his lifetime, or of disposing of it by will, there is obviously no ascertained part upon which a trust can attach, and the power to sell is construed, in the absence of a bequest over, as indicating an intention on the part of the testator to create an absolute estate in fee.   *   *   *   Even though there be a devise over, an absolute power of disposition may create an absolute estate in the first taker, if the power of disposition is plainly inconsistent with the purpose to create an estate for life."

But, in the case before us, there is a bequest over, and the power of disposition is not unqualified and is not inconsistent with the purpose to create a life estate.   The power to sell is qualified and limited to such part of the real estate as shall be deemed by him necessary to his support and maintenance.

In *Dunning* v. *Vandusen,* 47 Ind. 423, the devise was: "I give and bequeath unto my wife, Mary Craig, all my real estate and personal property, to settle all my debts and expenses and claims, collect all debts; to have and to hold her life, and to dispose of it at her death at her pleasure."   And, on an exhaustive discussion, it was held only to create a life estate.   It was there said: "The authorities, both English and American, seem generally

agreed in the position that an express estate for life, given by will, negatives the intention to give the absolute property, and converts words conferring a right of disposition into words of mere power. Their effect is not, therefore, to enlarge by implication the previous estate; but, upon the death of the life tenant, and in default of appointment, a *quasi* reversion results to the representatives of the testator, or it falls into the residuum according as the will may direct."

To the same effect is *John* v. *Bradbury, Admr.*, 97 Ind. 263. The bequest there was: "I give and bequeath to my wife, Mary C. Newport, my property, both personal and real, to hold and possess, sell, use and dispose of as she may see fit, for her own comfort and convenience, and hereby empower her to sell what realty I may be in possession of at my death, and convey the same by deed in fee simple, if her necessities or comfort require it." This was held to create a life estate only in the devisee.

The execution of the deeds in the case before us was an election to take under the will, and not under the law. *Clark* v. *Middlesworth*, 82 Ind. 240.

But it is insisted that the devise over was void because it devised the remainder to her blood relatives in proportion as the same would have descended if the will had not been made.

In *Clark* v. *Middlesworth, supra,* it was held that a devise of the life estate to one with power of disposition and remainder over "to be divided among my heirs at law" was sufficient to vest the title in the children and grandchildren who were the heirs at law of the testator. It is lastly insisted that the special finding of facts is insufficient to warrant the conclusions of law even though the law is as we have stated it, because so much of the special finding as sets out certain provisions of the will is a mere statement of evidence or evidentiary facts, and

Board of Comm'rs of Daviess Co. *v.* State, *ex rel.* City of Washington.

that such evidence must be disregarded in rendering judgment upon such special finding. It is true, that mere evidence recited in a special finding or verdict is of no force whatever, and can not be taken into consideration in the rendition of the judgment. But it often happens that the evidentiary fact, and the inferential fact are one and the same thing. When that happens the evidentiary fact must be found, and though it is itself the evidence, yet, it is more than mere evidence, it is the inferential fact also. *Louisville, etc., R. W. Co.* v. *Miller*, 141 Ind. 533.

The provisions of the will inserted in the special finding were evidence it is true, but they were also more than evidence, they were the ultimate and highest facts or inferential facts upon the issues they tended to prove. It follows from what we have said, that the circuit court did not err in its conclusions of law.

The judgment therefore is affirmed.

Filed April 30, 1895.