James v. The Lake Erie and Western Railway Company.

JAMES v. THE LAKE ERIE AND WESTERN RAILWAY COMPANY.

[No. 18,069.   Filed November 3, 1897.]

APPEAL.—*Decision of Appellate Court.*—*Law of Case.*—A decision of the Appellate Court constitutes the law of the case on a subsequent appeal to the Supreme Court involving the same questions.

From the Madison Circuit Court. *Affirmed.*

*D. W. Wood* and *W. S. Ellis*, for appellant.

*W. E. Hackedorn, J. B. Cockrum, M. A. Chipman, S. M. Keltner* and *E. E. Hendee*, for appellee.

HACKNEY, J.—This was an action by the appellant for damages for the refusal of the appellee to transport over its railway from New Castle, in Henry county, to Cambridge City, in Wayne county, the remains of his deceased wife.

The action as originaly instituted was upon a com-

plaint for $1,000.00 as damages, and, upon a trial, resulting in a judgment in favor of this appellant for $400.00, was appealed to the Appellate Court, 10 Ind. App. 550, where the complaint was held to be insufficient to state a cause of action, in that it disclosed that no proper transit permit was obtained from the health officer at the point from which said remains had been shipped, to-wit: Anderson, Indiana; that the pretended permit, held by the appellant, failed to disclose the name of the physician attending upon the deceased at the time of her death, as required by rule five, of the State Board of Health, adopted pursuant to the authority of acts 1891, section 5. Acts 1891, p. 16.

Upon the reversal of the judgment, as aforesaid, the complaint was amended so as to state differently the excuse offered by the railway agent for not accepting said remains for transportation, and in other unimportant respects, including an increase in the amount of damages demanded. To the amended complaint the lower court sustained appellee's demurrer, and that ruling is assigned as the only error for review.

It is not claimed, nor is there reason to claim, that the cause of action, now pleaded, differs from that pleaded in the original complaint, or that it is alleged with any substantial difference. The only questions now discussed are those passed upon in the former appeal, and they all relate to the requirement of the State Board of Health that a transit permit shall state the name of the attending physician. Not only as an authority or precedent, but as establishing the law of the case, do we accept the decision of the Appellate. Court upon the former appeal.

In the recent case of *Board, etc.,* v. *Bonebrake,* 146 Ind. 311, we had occasion to collect the numerous decisions in this State upon the law of the case, and, without variation, they hold that the judgment upon

appeal rules the case throughout all of its subsequent stages upon the questions decided.

In *Lillie* v. *Trentman*, 130 Ind. 16, it was said that "The principles of law established on the former appeal, so far as applicable, remain the law of this case through all of its subsequent stages, and must be adhered to, whether right or wrong, not only in the trial court, but in this court, on a second, or any subsequent appeal." And further, "Where the sufficiency of a pleading has been passed upon by this court, that ruling will be adhered to on a second appeal, unless the same has been amended so as to materially change its character."

In 2 Van Fleet's Former Adj., p. 1302, it is said: "If a cause is reversed in a higher court, the lower one is bound to proceed in accordance with the opinion sent down. The parties are compelled to retry the case on the new rules laid down, and to shape their respective causes of action or defense accordingly. Having done so, and in many cases having irretrievably changed their positions, it would work injustice to overturn these rules on a second appeal, and these again on a third, and so on, *ad infinitum.* The suit might never end. Besides, it would be very undignified, and tend to bring the courts into merited disrespect, if the lower court should be compelled to retrace its steps on one appeal, and then to trace them back again on a second, and so on. Hence, with a few exceptions, it is a rule that a matter decided on appeal becomes, in effect, *res adjudicata* in that cause; or, as it is frequently expressed, it becomes the 'law of the case' in all its subsequent proceedings."

The lower court, in this cause, followed the law of the case as declared by the Appellate Court, a court of last resort, whose opinion in this case requires the respect and obedience, both of the trial court and of

this court. The fact that the appellant so increased his demand that an appeal would lie to this court, instead of the Appellate Court, would have been no justification for the trial court to depart from the rule laid down by the Appellate Court, and to overrule the appellee's demurrer.

That the case, upon the ruling of the trial court, made in obedience to the rule and command of the Appellate Court, comes to this court upon the present appeal does not change the law of the case and render that obedience erroneous. If it did, and we should reverse the case the appellant might again amend his demand by reducing it to a sum within the jurisdiction of the Appellate Court, and thus play the see-saw between the courts of last resort indefinitely.

One decision of a question in any case, by a court of final resort, should be conclusive, and a litigant should not be permitted by immaterial amendments to obtain two decisions by courts of last resort upon one and the same question.

We hold, therefore, that under the law of the case, as established upon the appeal to the Appellate Court, the appellant is precluded.

The judgment is affirmed.