BRUNSON ET AL. *v.* HENRY ET AL.

[No. 18,073.    Filed March 16, 1898.]

APPEAL AND ERROR.—*Law of Case.*—All questions presented by the record and decided by the Supreme Court become the law of the case from that time forward, whether such questions arise each time in the same manner or not. *p. 312.*

SPECIAL FINDING.—*Mortgages.*—*Foreclosure.*—In an action to foreclose a mortgage a copy of the mortgage is not only evidentiary, but an inferential fact, and is properly set out in the special findings. *p. 313.*

SAME.—*Absence of Finding of Fact.*—Where the wife of defendant in an action to foreclose a mortgage assigns on appeal error of the court in overruling her motion for judgment in her favor on the ground that she did not sign the mortgage, and the special finding does not state that she was the wife of the defendant at the time of the execution of the mortgage, such fact must be taken as found against her. *p. 314.*

SAME.—*Mortgages.*—*Foreclosure.*—Where, by the terms of a mortgage the notes secured thereby were made payable to mortgagee's children and grandchildren, it was not necessary in an action to foreclose such mortgage, after the death of mortgagee, for the court to make any findings as to the debts of mortgagee. *p. 315.*

Brunson *v.* Henry.

DECEDENTS' ESTATES.—*Action to Foreclose Mortgage.—Administration on Estate.*—In an action to foreclose a mortgage made payable to mortgagee's children and grandchildren it was not necessary to prove that the estates of such children as were deceased had been settled, where the complaint alleged that the children died intestate, leaving no debts, and that no administrator had been appointed on account of their estates. *p. 315.*

SPECIAL FINDING.—*Finding Outside the Issue May be Disregarded.*— Defendant is not entitled to a new trial in an action to foreclose a mortgage because the court went outside the issues and directed the sale of additional lands not covered by the mortgage, but such erroneous finding should be disregarded, and judgment entered on the finding within the issues. *pp. 315-317.*

From the Marion Superior Court. *Affirmed in part, reversed in part.*

*William V. Rooker,* for appellants.

*W. P. Adkinson* and *W. Patterson,* for appellees.

MONKS, C. J.—This action was brought by appellees against appellants to foreclose a mortgage. The mortgage was executed by appellant, Asher C. Brunson, to Mary Ann Threlkeld, who was the mother of mortgagor, to secure the unpaid purchase money for the real estate described in said mortgage, which money, so secured, was, by the terms of said mortgage, to be paid to the children and grandchildren of the mortgagee named in said mortgage; and also to secure said mortgagee the possession and enjoyment, and free use and control, of said real estate during her life.

This is the second appeal of said cause. On the former appeal the case was reversed, with instructions to sustain the demurrer to the complaint. See *Brunson* v. *Henry,* 140 Ind. 455, where the complaint and the nature of the controversy are fully set forth. On the return of said cause to the court below the demurrer was sustained to the complaint as directed by this court and appellees filed an amended complaint containing the allegations which this court had held were necessary to render the same sufficient. The separate demurrer of said appellant Brunson was overruled to said amended complaint. Said appellant Brunson then filed an

answer in seven paragraphs. Appellees' demurrer for want of facts was sustained to the second, third, fifth, sixth, and seventh paragraphs of said answer. Julia A. Brunson, the wife of said appellant Brunson, the mortgagor, who did not join in the execution of said mortgage, also filed an answer. Appellees filed a reply to the answers of Brunson and his wife, and, at the request of said appellants, the court made a special finding of the facts, and stated its conclusions of law thereon, and over separate motions by said appellants, Brunson and wife, for judgment in their favor, and their several motions for a new trial, rendered judgment in favor of the appellees.

The questions raised by the demurrer to the amended complaint, and by the demurrer to the second, third, fifth, sixth, and seventh paragraphs of the separate answer of appellant Asher C. Brunson, were determined against said appellants on the former appeal, and the doctrine there declared is the law of this case, binding alike upon the parties and courts through all stages of the cause thereafter. *Board, etc.,* v. *Bonebrake,* 146 Ind. 311, and cases cited. It is insisted, however, by said appellants, that this rule does not apply, because, when the court held the complaint insufficient on the former appeal, the appeal was decided, and if the court went beyond that, and decided any other questions, the same were *obiter dicta.* The rule is that all questions presented by the record, decided by a court of last resort on appeal, become the law of the case from that time forward, binding upon all the courts and parties, whether the question arises each time in the same manner or not. *Board, etc.,* v. *Bonebrake, supra.*

Some of the paragraphs of said answer are drawn upon the theory that said appellant can contradict and change, by parol evidence, the terms of the mortgage as to the consideration for which it was excuted. On the former appeal, this court, on page 462, held that this could not be done, except upon a plea of *non est factum,* or an answer alleging a mistake in the mortgage in this respect, with a prayer for refor-

mation.  The paragraphs of answer referred to contained no such plea or answer, and are clearly bad, under the law of this case as decided on the former appeal.

It is next insisted that the court erred in overruling appellant Asher C. Brunson's motion for a judgment in his favor on the special finding.  It is stated, among other things, in the special finding, that the mortgage mentioned and set out in the complaint was executed by Asher C. Brunson to Mary Ann Threlkeld, which mortgage is copied into said finding, and that said mortgage was executed to secure the payment of the purchase money for the real estate described in said mortgage."

The court stated seven conclusions of law, to each of which Brunson and wife separately excepted.  It is first urged that the part of the finding setting forth a copy of the mortgage sued upon is purely evidentiary, and not the finding of an inferential fact, and should be disregarded.  It is true that said mortgage was an evidentiary fact, but it was more than evidence; it was also the inferential fact.  *Rowley* v. *Sanns*, 141 Ind. 179, 187; *Louisville, etc., R. Co.* v *Miller*, 141 Ind. 533, 550; *Lake Shore, etc., R. Co.* v. *Peterson*, 144 Ind. 214, 220, 221. In *Rowley* v. *Sanns, supra,* this court on page 187 said: "The provisions of the will inserted in the special finding were evidence it is true, but they were also more than evidence, they were the ultimate and highest facts or inferential facts upon the issues they tended to prove."  The construction to be placed upon said mortgage was not to be stated in the finding of facts, but in the conclusions of law. There may be cases where it is not necessary to set forth in the finding of facts a copy of the mortgage or other contract which is the foundation of the action or defense, but in this case it was proper to do so.

Objections are also urged to the facts found in regard to the children of Jane Henry, and the settlement of the estates of the deceased children, and it is claimed that they are not sufficient to entitle them to a judgment and foreclosure of

said mortgage.  We are not required to determine this question, because the same is not presented by any assignment of error, or otherwise.

It is next urged that the motion for judgment in favor of the appellant should have been sustained because there was no finding as to the debts of Mary Ann Threlkeld. It was not necessary for appellees to prove, or for the court to make, any finding as to the debts of Mary Ann Threlkeld, the mortgagee.

Appellant Julia A. Brunson, wife of Asher C. Brunson, the mortgagor, insists that the court erred in overruling her motion for a judgment in her favor on the special finding. Since this appeal was filed, a *nunc pro tunc* entry has been made in the court below, over the objections of appellees, showing that said appellant filed a separate answer to the amended complaint, in which she alleged that, "prior to the execution of the mortgage described in the complaint, she was, and ever since has been, and now is, the wife of her codefendant, Asher C. Brunson; that she did not join in the execution of said mortgage; and that the mortgage was not executed to secure the payment of the purchase money. Wherefore she prays judgment that the court protect her interest."  This paragraph of answer is substantially the same as one by the same appellant held insufficient on the former appeal.  This is not material, however, as the special finding was against said appellant as to the matter therein alleged. It is found in the special finding that said mortgage was given for the purchase money, and the special finding does not state that she was the wife of her codefendant, Asher C. Brunson, at the time said mortgage was executed.  Under the well settled rule, this fact must be taken as found against said appellant. *Archibald* v. *Long*, 144 Ind. 451, 454, and authorities cited: Moreover, as the mortgage was given for the purchase money of the real estate covered thereby, Mrs. Brunson had no interest therein as against the mortgagee, even if she was the wife of her co-appellant when he executed

the mortgage.  Section 2656 Burns 1894, section 2495 Horner 1897; *Baker* v. *McCune*, 82 Ind. 339; *Bowman* v. *Mitchell*, 97 Ind. 155, 157; *Butler* v. *Thornburgh, Adm.*, 141 Ind. 152, 155; *Butler* v. *Thornburgh*, 131 Ind. 237.

Appellant Asher C. Brunson filed a motion for a new trial, which was overruled.  The action of the court in overruling said motion is assigned as error by said appellant.  During the trial appellees offered in evidence the mortgage sued upon, and said appellant objected to the same being read in evidence without it being first shown by the evidence that the estate of the Henry children, alleged in the amended complaint to be deceased, had been settled.  The court overruled the objection, and the mortgage was read in evidence.  This action of the court is assigned by said appellant as a cause for a new trial.  The amended complaint alleged that the Henry children, alleged to be dead, severally died intestate, leaving no debts, and that no administrator had been appointed on account of their said estates.  Under such an allegation, it was not necessary to prove that the estates of said children had been settled.  The court did not err, therefore, in overruling said objection.

Appellees called as a witness one F. A. Fisher, who had been administrator of the estate of Charlotta Whitesell, which estate had been settled and said administrator discharged, and proved by him that the interest of said Charlotta Whitesell in said mortgage was unknown to him as such administrator, and that the same was not taken into account in any way in the settlement of her estate.  On cross-examination appellant asked him as to any inquiries he had made concerning the indebtedness of Asher C. Brunson to said estate, and appellees objected to such question, which objection was sustained by the court.  If the interest of said estate in said mortgage was not taken into account, or administered upon, in the settlement of said estate, it was not material whether the administrator made any inquiry concerning the same or not.  The making of such inquiries, or the failure to

make them, could not affect in any way the rights of the parties to said mortgage.

Mary Ann Threlkeld conveyed to appellant Asher C. Brunson "all her right, title, and interest of whatsoever description in and to", describing the real estate. Afterwards, to secure the purchase money therefor, said appellant Brunson executed a mortgage to Mary Ann Threlkeld on the "right, title and interest of Mary Ann Threlkeld in said real estate so conveyed to him by her." The court found that Mrs. Threlkeld owned the real estate described in the deed to said Brunson, in fee simple, and the decree entered upon the finding ordered the same sold to pay the judgment for the indebtedness secured by the mortgage. There was no evidence given that Mrs. Threlkeld owned all the real estate described in the deed to Brunson in fee simple. On the contrary, there was evidence tending to show that said real estate was owned by the first husband of Mrs. Threlkeld, who died in 1859, and left as his heirs at law his widow and children, who inherited said real estate. Asher C. Brunson was one of the children, and appellees were either children or grandchildren of said Brunson, who died the owner of the real estate. Asher C. Brunson purchased of several of the other children their interests in said real estate, and the interest of the widow, who afterwards married one Threlkeld, was an undivided one-third, or about thirty-five acres if partition was made. The mortgage only covered the interest in said real estate described in the mortgage owned by Mrs. Threlkeld at the time that she executed the deed to her son, the appellant Asher C. Brunson, while the decree ordered the entire tract described in the mortgage to be sold, and this seems to include not only the interest in said real estate conveyed to him by his mother, but also the interest in said real estate inherited by Asher C. Brunson from his father, as well as what he purchased from his brothers and sisters. It does not follow, however, that appellants are entitled to a new trial for this reason, because the finding that Mrs. Threlkeld owned all of

said real estate was without the issues. Said finding, therefore, must be disregarded. Disregarding said finding, appellees, under the facts found, are entitled to a decree of foreclosure directing the sale of the interest in said real estate covered by said mortgage. It follows, then, that the personal judgment against appellant Asher C. Brunson was correct, and the sixth conclusion of law and decree of foreclosure were erroneous.

The personal judgment against Asher C. Brunson is affirmed and the decree of foreclosure is reversed, with instructions to restate the sixth conclusion of law, and render judgment foreclosing said mortgage, in accordance with this opinion.