## HARMON ET AL. *v.* POHLE.

[No. 7,232. Filed June 23, 1910. Petition to modify judgment denied October 11, 1910.]

1. LANDLORD AND TENANT.— *Contracts.*— *Construction.*— *Clearing Land.*—A lease providing that "the lessees shall, and agree to, clear said timber land for cultivation, and plant, cultivate and tend not less than fifteen acres each year until all said timber land is clear, and for so doing the lessees shall have the * * * exclusive use of the land so cleared for two annual crops for each fifteen acres so cleared," requires fifteen acres to be cleared annually. p. 371.

2. LANDLORD AND TENANT.—*Breach of Condition Subsequent.—Reentry.—Demand.*—A landlord must reënter if he desires to avail himself of the breach of a condition subsequent, but a demand for possession, and a refusal thereof, is equivalent to a reëntry. p. 372.

3. LANDLORD AND TENANT.—*Recovery of Possession.—Reëntry.—Demand.—Complaint.*—A complaint by a landlord, alleging that defendant lessees failed to clear the land as agreed, that plaintiff demanded that it be cleared, that defendants refused to clear it, and that defendants refused to deliver possession of the land, although requested to do so, sufficiently shows the equivalent of a reëntry. p. 372.

4. LANDLORD AND TENANT.— *Lease.— Breach.— Damages.— Complaint.*—A complaint alleging that defendants leased certain property from the plaintiff, and that they violated such lease, to plaintiff's damage, is sufficient on demurrer. p. 372.

5. JURY.—*Right of Trial by.—Landlord and Tenant.—Recovery of Possession.—Damages.*—An action for the recovery of possession of leased premises by reason of the breach of a condition subsequent, and for damages for the breach of such covenant, is triable by jury, though there is a prayer for the cancelation of the lease. p. 373.

From Dearborn Circuit Court; *Frank B. Shutts,* Special Judge.

Action by William Pohle against Leonard Harmon and others. From a judgment for plaintiff, defendant appeals. *Reversed.*

*Givan & Givan, Llewellyn E. Davis* and *L. B. Ewbank,* for appellants.

*Nicholas Cornet* and *McMullen & McMullens,* for appellee.

ROBY, J.—The appellee's amended complaint is in two paragraphs, demurrers to each of which were overruled. Answers of general denial were filed. Apellants moved that the issue be submitted to a jury. The motion was overruled, and the cause was tried without a jury. The finding, as well as the judgment, was for appellee, for possession of the real estate described and $482.54 damages. Appellants' motion for a new trial was overruled. The first paragraph of complaint sought to recover certain described real estate, to the

immediate possession of which, it is alleged, appellee is entitled.

The sufficiency of this pleading primarily depends upon the construction of a lease made by appellee to appellants.

The lessor (appellee) by said instrument, leased to appellants 173 acres of land on the following terms:

> "The lessees shall, and agree to, clear said timber land for cultivation, and plant; cultivate and tend not less than fifteen acres each year until all of said timber land is clear, and for so doing the lessees shall have the absolute and exclusive use of the land so cleared for two annual crops for each fifteen acres so cleared, and after the use of each fifteen acres so cleared for two successive annual crops, as aforesaid, such fifteen acres shall revert to the lessor, and be released and freed from this lease, and the lessees shall have no further right to or control over each or any fifteen acres when so released, that is to say, the lessees shall have the use of the land for two successive annual crops for clearing the same as aforesaid."

The appellee contends that the lease required appellants to clear fifteen acres of land each year; appellants contend that the cultivation of fifteen acres each year required that fifteen acres be cleared every second year. We think appellee's view is the better one. The purpose was to clear the land. The length of the term depended upon the time necessary to do the work. Had it been intended to clear fifteen acres every other year, it is probable that some definite expression of that fact would have been made. "Each year," as used, had relation to the clearing as well as to the cultivating of the land.

The lease provides as follows:

> "And the lessees covenant to release and turn over to said lessor the land as cleared as herein provided in good condition, and failing fully and faithfully in letter and spirit to perform their covenants and agreements, as herein contained, it shall be lawful for said lessor to reënter said premises, and to have such premises again without let or hindrance, and this lease and

everything therein contained on said lessor's behalf
to be done and performed shall cease, determine and be
utterly void.''

It is well settled that there must be a reëntry by the lessor
who desires to avail himself of the breach of a condition sub-
sequent (*Van Horn* v. *Mercer* [1902], 29 Ind. App.
277), and also that a demand for possession and a
refusal to deliver it are equivalent to a reëntry. *Cory*
v. *Cory* (1882), 86 Ind. 567.

The objection is made to the complaint that a reëntry is
not shown by it. Performance of the condition of the lease
by appellee on his part is averred, and that appel-
lants have failed to clear fifteen acres of land each
year, and have made it impossible to deliver said land
as stipulated; that appellee demanded that they clear said
land and deliver the possession of it to him prior to the
bringing of this action, but that appellants have failed and
refused so to do and still fail and refuse. This is sufficient
to show a breach of the contract which entitled appellee to
terminate said lease by a reëntry. It is also averred that
appellants ''refuse to deliver the possession of the real estate
described in said lease, although requested so to do by appel-
lee before the bringing of his action.'' This allegation is
sufficient to show a demand. Refusal presupposes a demand.
*Snyder* v. *Baber* (1881), 74 Ind. 47; *Ferguson* v. *Hull*
(1894), 136 Ind. 339; *Whitcomb* v. *Stringer* (1903), 160
Ind. 82.

The second paragraph sets out certain engagements by ap-
pellants, the breach thereof and damages resulting there-
from. In other words, it is an action for the recov-
ery of damages on account of breach of contract. The
court did not therefore err in overruling the demurrer
to it.

The action of the court in denying a jury trial seems to
have been based upon the idea that the first paragraph of

complaint was in equity to secure the cancelation ·of the lease between the parties. The form of pleading adopted was no doubt responsible for this misapprehension. While the prayer of the paragraph includes a request for the cancelation of the lease, the context shows that plaintiff is invoking the terms of that instrument as the basis of his action.

The stipulation is to the effect that the lease in the contingency specified might be terminated, and become "void so far as the rights of appellants thereunder are concerned." In other words, that it is voidable by appellee in certain contingencies. *Island Coal Co.* v. *Combs* (1899), 152 Ind. 379. ·

The plaintiff avers full performance on his own.part, and in his second paragraph asks judgment on account of breach of the contract in certain particulars specified.

The action is one to recover possession of real estate. §1096 Burns 1908, §1050 R. S. 1881. And see *Woodward* v. *Mitchell* (1895), 140 Ind. 406; *Island Coal Co.* .v. *Combs,* *supra.*

In such cases trial by jury may be demanded. *Puterbaugh* v. *Puterbaugh* (1892), 131 Ind. 288, 15 L. R. A. 341; *Trittipo* v. *Morgan* (1885), 99 Ind. 269.

Judgment reversed, with instructions to sustain the motion for a new trial.,