FOUDRAY ET AL. *v.* FOUDRAY ET AL.

[No. 8,173. Filed April 23, 1913. Rehearing denied June 25, 1913. Transfer denied October 9, 1913.]

1. APPEAL.—*Subsequent Appeal.—Law of the Case.*—A judgment upon appeal rules the case on a subsequent appeal involving the same questions. p. 165.

From Marion Circuit Court (15,314) ; *Charles Remster,* Judge.

Action by Livingston D. Foudray against John S. Foudray and others. From a judgment entered, the plaintiff and others appeal. *Affirmed.*

*George W. Galvin,* for appellants. .

*William N. Harding, Alfred R. Hovey* and *Omer U. Newman,* for appellees.

SHEA, J.—This is the second appeal of this case, between the same parties, and upon the same facts. See *Foudray* v. *Foudray* (1909), 44 Ind. App. 444, 89 N. E. 499.

1. All the vital questions presented under the issues of this cause were decided in the former appeal, so that it must remain as the law of the case. It has been uniformly held in this State that the judgment upon appeal rules the case on a subsequent appeal involving the same questions. *James* v. *Lake Erie, etc., R. Co.* (1897), 148 Ind. 615, 48 N. E. 222; *Brunsen* v. *Henry* (1898), 152 Ind. 310, 312, 52 N. E. 407; *Hatfield* v. *Cummings* (1899), 152 Ind. 537, 538, 53 N. E. 761; *Shirk* v. *Lingeman* (1901), 26 Ind. App. 630, 59 N. E. 941; *Stevens* v. *Templeton* (1910), 174 Ind. 129, 91 N. E. 563; *Rosenthal* v. *Rambo* (1905), 165 Ind. 584, 76 N. E. 404, 3 L. R. A. (N. S.) 678; *Quick* v. *Brenner* (1884), 101 Ind. 230.

The cause was remanded with instructions to the lower court to restate its conclusions of law with respect to the conclusion that Martha E. Clark had "a right to have her title quieted as to her right to convey in fee simple," and this the court below has done. Many questions are argued in the elaborate brief filed by appellants' learned counsel, but it is the opinion of this court that the law as heretofore stated must be held to be the law of the case.

Judgment affirmed.

NOTE.—Reported in 101 N. E. 679. See, also, 3 Cyc. 395. As to doctrine of *stare decisis*, see 27 Am. Dec. 631; 73 Am. St. 98.