## HARMON ET AL. *v.* POHLE.

[No. 8,778. Filed January 28, 1914.]

1. APPEAL.—*Subsequent Appeal.—Law of the Case.—Sufficiency of Complaint.*—A former judgment on appeal rules the case on a subsequent appeal involving the same questions, so that where in the former opinion the court on appeal in holding the complaint sufficient said that its sufficiency depended "upon the construction of the lease made by appellee to appellant", and then set out the portions of the lease pertinent to the questions under consideration, appellant on a subsequent appeal of the same case cannot urge the objection that the former appeal did not adjudicate the sufficiency of the complaint as against the objection that the lease was not properly made a part thereof, since that was a subsidiary question that was necessarily determined when the complaint was considered and held good. p. 441.

2. APPEAL.— *Subsequent Appeal.— Law of the Case.— Incidental and Subsidiary Questions.*—Although, as to incidental questions that were not considered and decided on a former appeal, the decision is not conclusive or binding on the court on a subsequent appeal of the same case, where such subsidiary and incidental questions were necessarily involved and the decision could not have been reached in the absence of either an express or implied decision of such questions, the judgment on such former appeal rules the case throughout all its subsequent stages either in the *nisi prius* courts or courts of appellate jurisdiction. p. 442.

3. APPEAL.— *Briefs.— Sufficiency.— Good Faith Effort.*— Although appellant's briefs are subject to criticism as not fully complying with the rules of court, where they disclose a good faith effort to comply therewith, such questions as may be definitely ascertained therefrom will be considered and decided. p. 442.

4. LANDLORD AND TENANT.— *Construction of Lease.— Former Appeal.*—Even though the court on a subsequent appeal of the same case believed that the construction placed upon a lease by the court on the former appeal was incorrect, such former decision would control. p. 442.

5. TRIAL.—*Issues.—Misleading Instructions.*—Where a lease provided that the lessee was to build a barn "on some part of the above described real estate owned by the lessor", but such lease did not cover all the land of the lessor which was described therein, and the complaint alleged that "plaintiff and defendants after the execution of said lease further agreed that said written lease should be further changed in that the barn provided for

should be built" according to certain specifications, instructions telling the jury that the substance of the complaint was that the lease should be changed "so that defendants were to build a barn on plaintiff's real estate so leased to defendants", etc., were misleading and confusing as to the issue tendered by such complaint. p. 443.

6. APPEAL.—*Review.—Instructions.*—Although an instruction that "defendant's answer in general denial * * * places upon him the burden of proving every material allegation of his complaint" was erroneous in the use of the word "him" instead of "plaintiff", the question of whether it was prejudicial was immaterial in view of reversible error in other instructions. p. 444.

7. TRIAL.— *Issues.— Misleading Instructions.*— In an action on a lease, where the answer alleged that the actual agreement was that lessee was to clear fifteen acres every two years and that by mutual mistake the lease did not express the real agreement, and the prayer was for a reformation of the lease to express such agreement, an instruction that the substance of defendants' answer was that defendants were only to clear fifteen acres every two years "instead of fifteen acres every year as alleged by the plaintiff", was misleading in that it indicated that defendants were relying on the lease as written, whereas the real issue tendered by the answer was that of the reformation of the lease to express the actual contract. p. 444.

8. TRIAL.—*Issues.—Misleading Instructions.*—In an action involving an issue as to the reformation of the lease sued on, an instruction as to the burden of proof under the pleading tendering such issue, stating that "reformation is a much more delicate remedy than rescission", was erroneous, since there was no issue involving rescission and the instruction left the jury to speculate on the suggested comparison. p. 445.

9. TRIAL.— *Instructions.— Burden of Proof.*— An instruction that defendants had the burden of proving their counterclaim by a fair preponderance of the evidence, and that such "evidence must be of the most persuasive character" was erroneous in specifying the character of evidence required. p. 445.

10. REFORMATION OF INSTRUMENTS.—*Contracts.—Burden of Proof.* —One seeking the reformation of a contract must clearly and fully establish by a fair preponderance of the evidence the provisions of the actual contract between the parties, that the instrument fails to express such contract, and that such failure was due to mutual mistake of fact or other ground authorizing such reformation, but he is not limited to making such proof by any particular kind or character of evidence. p. 445.

From Ohio Circuit Court; *Samuel B. Wells*, Special Judge.

Action by William Pohle against Leonard Harmon and others. From a judgment for plaintiff, the defendants appeal. *Reversed.*

*Givan & Givan, Thomas S. Cravens* and *Llewellyn E. Davies,* for appellants.

*N. Cornet* and *McMullen & McMullens,* for appellee.

FELT, J.—This is the second appeal in this case. See *Harmon* v. *Pohle* (1910), 46 Ind. App. 369, 92 N. E. 119.

1. Appellants have assigned as error the overruling of the demurrer to the complaint. The sufficiency of the complaint was determined by the former decision. Appellants admit this but claim the complaint is insufficient unless aided by the lease, to which reference is made, and contend that the lease is not properly made a part of the complaint; that the court in the former opinion did not pass upon the latter question and for that reason this court should now consider the sufficiency of the complaint as against such objection. In the former opinion the court said: ''The sufficiency of this pleading primarily depends upon the construction of the lease made by appellee to appellant,'' and then set out the portions of the lease pertinent to the questions under consideration, and held the first paragraph good for the recovery of the possession of the real estate therein described and also held the second paragraph sufficient as an action for the recovery of damages on account of a breach of the contract. The question then determined and now sought to be again presented, is the sufficiency of the complaint. The question as to whether the lease was properly a part of the complaint was a minor and subsidiary question and was necessarily determined when the complaint was considered and held good, for the discussion related to the provisions of the lease, and it is not claimed that the complaint has been amended. A former judgment on appeal rules the case on a subsequent appeal involving the same questions.

It has been held that where there are incidental questions which were not considered and decided on a former appeal, the court on a subsequent appeal of the same case is not bound to consider the former decision as conclusively adjudicating such questions, but where such subsidiary or incidental questions are necessarily involved, and where the decision announced could not have been reached without either expressly or impliedly deciding such questions, the judgment on appeal rules the case throughout all subsequent stages either in the *nisi prius* courts or courts of appellate jurisdiction. *Forgerson* v. *Smith* (1885), 104 Ind. 246, 3 N. E. 866; *Lillie* v. *Trentman* (1891), 130 Ind. 16, 29 N. E. 405; *Board, etc.* v. *Bonebrake* (1896), 146 Ind. 311, 45 N. E. 470; *James* v. *Lake Erie, etc., R. Co.* (1897), 148 Ind. 615, 617, 48 N. E. 222; *Foudray* v. *Foudray* (1913), 54 Ind. App. 164, 101 N. E. 679. When the court held the complaint good and considered the provisions of the lease, by necessary implication, it held the lease to be a part of the complaint and that decision is the law of the case as to the sufficiency of the complaint, whether properly so held or not.

Appellee insists that appellants have not complied with the rules of this court in the preparation of their briefs and that no questions are presented for decision. The briefs are justly subject to some criticism, but they evidence a good faith effort to comply with the rules of the court and we shall therefore consider and decide the questions that may be definitely ascertained by a fair and reasonable construction thereof.

A new trial was asked on the ground that the court committed harmful error in the giving of certain instructions. Some questions are again discussed, that were determined by the former decision. Appellants then contended that the lease only required them to clear fifteen acres every two years and this court in the former decision sustained appellee's contention that the lease required

appellants to clear fifteen acres each year. We think the court correctly construed the lease, but even if our view differed from that expressed by the former opinion that decision on the point would control.

The lease in question demised to appellants "the timber land, except the oak groves on the top of the ridges", of certain lands in Dearborn County, Indiana, particularly described as containing in all about 173 acres, "until all the said timber land is clear". The lessees agreed "to build a tobacco barn on some part of the above described real estate owned by said lessor". The lease did not cover all of the 173 acres described therein and did not require the barn to be built on the particular portion of the land covered by the lease. It is claimed that instruction No. 2 given by the court of its own motion is erroneous in stating the substance of the second paragraph of complaint to be "that the lease as set out therein should be changed so that the defendants were to build a barn on plaintiff's real estate so leased to defendants," in a particular manner, whereas the second paragraph of complaint charges "that plaintiff and defendants after the execution of said lease further agreed that said written lease should be further changed in that the barn provided for in said written lease should be built" according to certain specifications, the particulars of which are alleged and did not authorize the court to instruct the jury that it proceeded on the theory that the alleged changes required the barn to be built on the particular part of the land covered by the lease, or at any different location than that specified in the original writing. The instruction did not clearly state the issue presented by the second paragraph of the complaint and inferentially injected into the complaint the idea that the alleged changes required the barn to be built on the portion of the farm covered by the lease, whereas the alleged changes in the lease, as averred, did not refer to a change in the location of the barn but to the kind of a barn that should be built. Instruction No. 9

is criticised for the same reason, as informing the jury that the material allegation of the second paragraph of the complaint was that defendants agreed with the plaintiff "to build a barn on said leased premises", etc. These instructions were misleading and may have confused the jury as to the issue tendered by the second paragraph of complaint.

The third instruction told the jury "that the defendant's answer in general denial * * * places upon him the burden of proving every material allegation of his complaint." In all probability this was an inadvertent use of the pronoun "him" instead of the word "plaintiff". The instruction is erroneous, but whether the giving of it was or was not reversible error need not be determined because of other erroneous instructions which require the reversal of the judgment.

Instruction No. 4 told the jury that the substance of dedendant's answer of counterclaim, by the terms of the lease made a part thereof, was "that defendants were only to clear up ready for cultivation 15 acres of plaintiff's real estate every two years from the first day of March, 1905; instead of 15 acres every year as alleged by the plaintiff." It is charged in the answer that the actual agreement of the parties was as above stated, fifteen acres every two years, and that by mutual mistake of the parties and mistake of the scrivener who wrote the lease, it does not express the real agreement. The provisions which appellants claim constitute the real agreement of the parties are alleged and the prayer is that the lease be reformed to express such meaning. The instruction as given, indicates that the appellants were relying on the lease as written, whereas the real issue presented by the answer was that of the reformation of the lease to make it express what appellants' claim was the actual contract, though not expressed by the written instrument.

Instruction No. 13 given by the court is justly criticised as being indefinite and confusing as to the measure and

clements of certain values the jury was informed might be recovered by plaintiff under certain conditions.

Objection is also made to instruction No. 15 on several grounds. The instruction is long and refers to the lease as written, and as it would be if reformed as prayed for in appellants' counterclaim and then says: "this counterclaim is in the nature of a cross-complaint, and places the burden on the defendants of proving the same by a fair preponderance of the evidence and this evidence must be of the most persuasive character. Reformation is a much more delicate remedy than a rescission. Hence in order to justify a jury in finding that the contract was a mutual mistake it is necessary that they should determine that the mistake should have been mutual." There was no question of rescission of contract presented by the issues, and if there had been the court would not have been justified in suggesting to the jurors a comparison of the two questions, of reformation and rescission, and leaving them to speculate as to the distinction they should make in this particular instance. A proposition may be correct in a sense and yet be inapplicable to the issues and misleading to the jury. Again the suggestion that appellants not only had the burden of proving the counterclaim by a fair preponderance of the evidence, but that "this evidence must be of the most persuasive character," was erroneous for it required appellants to prove the counterclaim by a rare and peculiar kind of evidence.

Where parties have reduced their agreement to writing, the law presumes that such writing fully expresses the terms of their agreement. Where one of the parties seeks to reform such instrument, he must show that the real contract is not expressed by it and that the failure of the instrument to express the true agreement is due to the mutual mistake of fact, or to some other reason recognized by the law as sufficient to warrant such relief.

The party seeking reformation of a written instrument

must give clear and satisfactory proof of the provisions of the actual contract between the parties and of the mutual mistake of fact, or other ground, authorizing such reformation, but in doing so he is not limited to any particular kind or character of evidence. It need not be of "the most persuasive character," but to authorize the granting of such relief the facts essential thereto must be clearly and fully established by a fair preponderance of the evidence. *Koons* v. *Blanton* (1892), 129 Ind. 383, 27 N. E. 334; *Heavenridge* v. *Mondy* (1875), 49 Ind. 434; *Baker* v. *Pyatt* (1886), 108 Ind. 61, 67, 9 N. E. 112; *Phenix Ins. Co.* v. *Rogers* (1894), 11 Ind. App. 72, 81, 38 N. E. 865; *Citizens Nat. Bank* v. *Judy* (1896), 146 Ind. 322, 329, 43 N. E. 259; 34 Cyc. 920.

Some of the other questions suggested are not properly presented by the briefs and others are not likely to arise at another trial of the case. The instructions given were in many respects misleading and confusing. The errors are of such a character that we can not say they were not harmful to appellants.

For the reasons already stated, the judgment is reversed with instructions to sustain appellants' motion for a new trial and for further proceedings not inconsistent with this opinion.

NOTE.—Reported in 103 N. E. 1087. As to causes and proceedings for reformation of instruments, see 65 Am. St. 481; 117 Am. St. 227. As to the sufficiency of evidence to warrant the reformation of an instrument on the ground of mutual mistake, see 19 Ann. Cas. 343. See, also, under (1) 3 Cyc. 401; (2) 3 Cyc. 395; (3) 2 Cyc. Anno. 1013; (4) 3 Cyc. 397; (5) 38 Cyc. 1611; (6) 3 Cyc. 223; (7) 38 Cyc. 1610, 1611; (8) 38 Cyc. 1614; (9) 38 Cyc. 1750, 1755; (10) 34 Cyc. 979, 980, 984.