### KRABILL ET AL. v. KEESLER.

[No. 10,103. Filed March 22, 1918.]

1. APPEAL.—*Dismissal.—Failure to Comply with Statute.—Effect.*—A motion by appellee to dismiss an appeal because of appellant's failure in the preparation of his briefs to comply with the rules of court will be overruled if appellee has not complied with the act of 1917, Acts 1917 p. 523, concerning civil procedure. p. 264.

2. APPEAL.—*Dismissal.—Briefs.—Sufficiency.—Rules of Court.*—Under the rules of the Appellate Court, an appeal will not be dismissed for failure of appellant to comply with the rules of court in the preparation of his brief, where any question is properly presented, thereby, as such presentation requires the consideration and determination of the question presented. p. 264.

3. APPEAL.—*Briefs.—Sufficiency.—Good-faith Effort.*—Where appellant's briefs manifest a good-faith effort to comply with the rules of court concerning the preparation of briefs, and where there is actually a substantial compliance therewith, and to the extent that the briefs contain enough of the record to fairly present any of the questions attempted to be presented, such question or questions will be considered and determined. p. 265.

From Steuben Circuit Court; *D. R. Best,* Special Judge.

Action between Dora L. Krabill and others and Samuel Keesler. From the judgment rendered, Dora L. Krabill and others appeal, and Samuel Keesler moves to dismiss the appeal. *Motion to dismiss overruled.*

*J. E. Pomeroy* and *E. V. Harris,* for appellant.
*Hoffman & Shearer,* for appellee.

HOTTEL, J.—Appellee has filed a motion to dismiss this appeal because of appellant's failure in the preparation of its briefs to comply with the rules of the court. This appeal was perfected August 18, 1917, and hence after the 1917 act concerning civil procedure (Acts 1917 p. 523, §3) became a law. It is insisted, however, that this act, in so far as it purports to control the rules of the court, is an encroachment on the inherent power of the court to provide rules for the conduct of the business before it, and that for such reason and to the extent indicated said act is unconstitutional. This suggests a question which, if properly presented and if its disposition is necessary to a determination of the motion involved, would require the case to be certified to the Supreme Court, under §1392 Burns 1914, Acts 1901 p. 565, §9.

It is conceded by appellee that he has not complied with said act of 1917, *supra,* and hence, if such act be valid, his motion to dismiss should be overruled. On the other hand, under the interpretation and construction of the rules of the court, as recognized and expressed in numerous decisions, the proper presentation of any question by appellant's briefs would require the consideration and determination of such question, and hence in such case a dismissal of the appeal

would not be authorized under the law as it existed before said act of 1917.' It follows that, if any question is properly presented by said briefs, there will be no occasion or necessity for the discussion or determination of the validity of the act of 1917, *supra*.

This court has frequently said in effect that where the appellant's briefs manifest a good-faith effort to comply with said rules, and where there is in fact a substantial compliance therewith, they will be considered, and to the extent that they contain enough of the record to fairly present any question or questions so attempted to be presented therein, such question or questions will be considered and determined. *Harmon* v. *Pohle* (1913), 55 Ind. App. 439, 442, 103 N. E. 1087; *Joseph E. Lay Co.* v. *Mendenhall* (1913), 54 Ind. App. 342, 102 N. E. 974; *Roberts* v. *Ft. Wayne Gas Co.* (1907), 40 Ind. App. 528, 532, 82 N. E. 558, and cases there cited.

For the purposes of the disposition of said motion, it is not necessary that we enter into a discussion of the numerous objections made to said briefs. It is sufficient to say that such briefs are sufficient under the rules of the court to require our disposition and determination of at least some of the questions attempted to be presented therein.

For the reasons indicated, the motion to dismiss is overruled.

Note.—Reported in 119 N. E. 25.