CITIZENS NATIONAL BANK *v.* GILLETT.

[No. 9,860.   Filed October 10, 1919.]

</div>

1. BILLS AND NOTES.—*Promissory Note.—Voluntary Execution Without Consideration.—Maker's Right to Equitable Relief.*—In the absence of fraud or mistake, one voluntarily executing a promissory note without consideration cannot ask a court of equity to cancel the same. p. 157.

2. APPEAL.—*Review.—Findings.—Conclusiveness.*—In an action to cancel a note alleged to have been procured by fraud, the trial court's finding, based upon sufficient evidence on the issue of fraud, is conclusive on appeal. p. 157.

From Spencer Circuit Court; *Emory L. Boyd*, Special Judge.

Action by Grace L. Gillett against the Citizens National Bank. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*O. W. McGinnis, Robinson & Stilwell* and *Swan & Mason*, for appellant.

*G. V. Menzies, John R. Brill, Frank H. Hatfield* and *John W. Brady*, for appellee.

McMAHAN, J.—This action was brought by appellee against appellant to cancel a certain promissory note and mortgage given to secure the same.

The appellant filed a cross-complaint asking a judgment for the amount due on the note in question, and for the foreclosure of said mortgage. The note in question called for $4,500, was dated December 10, 1909, payable to the order of the appellant thirty

days after date, and is the same note that was in controversy in the case of *Gillett* v. *Bank* (1914), 56 Ind. App. 694, 104 N. E. 775, where the facts connected with its execution are substantially stated and need not be here repeated.

The appellant in the case just referred to secured a judgment in the trial court for the amount of the note, and a decree foreclosing the mortgage, from which appellee appealed. The cause was reversed by this court in March, 1914. In March, 1915, appellant dismissed its said action, and appellee thereafter filed her complaint as above stated to cancel said note and mortgage.

The appellee in her complaint alleged that the note was given without consideration, and was procured from her by fraud. The cause being at issue, was tried by the court, and resulted in a decree adjudging the note and mortgage void, and that they should be canceled and the mortgage satisfied of record. From this decree appellant appeals and insists that the finding of the court is not sustained by the evidence.

Appellee contends that this is the second appeal from a judgment settling the same controversy between the same parties, and that the decision of the court on the former appeal is the law of the case and binding upon the court in this appeal.

In view of the conclusions which we have reached, it is not necessary for us to pass upon this question. We are satisfied with the law as there declared by the court, and, in so far as the same is applicable, we accept it as authority in this appeal, not necessarily because it is "the law of the case," but because it states the law correctly. As to when the law of the case is applicable, see *Hawley, Admr.,* v. *Smith,*

*Admr.* (1873), 45 Ind. 183; *Board, etc.* v. *Bonebrake* (1896), 146 Ind. 311, 45 N. E. 470; *James* v. *Lake Erie, etc., R. Co.* (1897), 148 Ind. 615, 48 N. E. 222; *Westfall* v. *Wait* (1905), 165 Ind. 353, 73 N. E. 1089, 6 Ann. Cas. 788; *Alerding* v. *Allison* (1908), 170 Ind. 252, 83 N. E. 1006, 127 Am. St. 363.

In the first case the appellee, as a defendant, defended and raised the question of validity of the note, on the grounds of suretyship and want of consideration; while, in the instant case, she is the plaintiff, seeking equitable relief on the grounds of suretyship, want of consideration, and fraud in the procuring of her signature to the note in question.

It is true, as stated by appellant, that one may not in the absence of fraud or mistake voluntarily execute a promissory note without consideration and then ask a court of equity to cancel the note, but the appellee in her complaint alleges fraud in the procurement of the note. The trial court found in her favor upon that issue, and there is sufficient evidence to support that finding. This being true, there is no available error in the record.

Judgment affirmed.