E. A. STROUT COMPANY *vs.* DAISY E. GAY.

Kennebec.    Opinion January 22, 1909.

*Contracts.    Construction.   "Listing" Property.    Revised Statutes,*
*chapter 1, section 6, paragraph I.*

In construing a written contract the words used are to be taken in the ordinary and popular sense, unless from the context it appears to have been the intention of the parties that they should be understood in a different sense.

Nothing can be more equitable than that the situation of the parties, the subject matter of their transaction and the whole language of their instruments should have operation in settling the legal effect of their contract; but it would be a disgrace to any system of jurisprudence to permit one party to catch another, contrary to the spirit of their contract, by a form of words, which perhaps neither party understood.

The defendant, by written contract, placed certain camp property in the hands of one E. A. Strout for sale, and stipulated with the said Strout, among other things, as follows: "Should I withdraw the said estate from your hands before you have effected a sale, I will, in consideration of your having listed the property pay you forthwith $20.00 or one per cent of the asking price, if above $2,000." The said E. A. Strout then assigned the contract to the plaintiff, the E. A. Strout Company. The asking price for the property was $5000. The said Strout did nothing with the property except to receive the description of the same and make the contract with the defendant, and neither did the plaintiff do anything with the property after taking the assignment of the contract. Afterwards the defendant withdrew the sale of the property from the plaintiff and thereupon the plaintiff brought suit against the defendant to recover the commission of $50 or one per cent of the asking price. The plaintiff contended that the property had been "listed" in accordance with the contract and that receiving the description of the property and making the contract with the defendant constituted the "listing" and that therefore it was entitled to recover the $50. In view of the surrounding circumstances and purpose of the contract, *Held:* (1) That the most restricted construction of the word "listed" would at least mean that some mention of the defendant's property should appear in some of the plaintiff's pamphlets advertising property for sale, and which was not done. (2) That the property was not "listed" as the contract required.

On motion and exceptions by defendant.  Motion sustained. Exceptions not considered.

Action of assumpsit on a written contract to recover the sum of fifty dollars, brought in the Superior Court, Kennebec County. Plea, the general issue.  Verdict for plaintiff.  The defendant filed a general motion for a new trial and also excepted to several rulings of the presiding Justice during the trial.

The case is stated in the opinion.

*Williamson & Burleigh*, for plaintiff.

*Fogg & Clifford*, for defendant.

SITTING:  EMERY, C. J., WHITEHOUSE, SPEAR, CORNISH, KING, BIRD, JJ.

SPEAR, J.  This is an action of assumpsit by *E. A. Strout Company* v. *Daisy E. Gay*, upon the following count in the plaintiff's writ:  "For that the said defendant by her contract by her signed at Farmington Maine, on the 21st day of October, 1905, in consideration of the listing of one E. A. Strout of New York City, state of New York, of certain property of the defendant, then and there promised," etc.  The amount claimed was $50.  The contract was properly assigned by E. A. Strout to E. A. Strout Company. The contract under which the plaintiff relies reads as follows.

"THE E. A. STROUT FARM AGENCY.

Boston-New York.

Number 10315

I hereby place the property, real and personal, of which a description has been given, in your hands for sale.  If the same is sold to any party through your influence, by advertisement or otherwise, I will pay to you or your order a commission of all you get in excess of $5000, clear to me.  In case I should sell the property to your customer for less than $5500, I will pay to you or your order a commission of two hundred dollars; or if the sale exceeds $2,000, ten per cent. on the full amount of sale.  This commission to be due and payable the day sale is effected.  Should I withdraw the

said estate from your hands before you have effected a sale, I will, in consideration of your having listed the property pay you forthwith $20.00 or one per cent of the asking price, if above $2,000.

Should the estate be sold either before or after withdrawal to a customer to whom you or your agents have recommended it, or who has learned that it was for sale, directly or indirectly, through you, your agents or your advertisements, I will pay your commission as agreed.

In case any money is paid to me to bind the trade by any of your prospective customers, and they forfeit this money to me as damages for not keeping their part of the agreement, I will pay one half of said money to you.

Agent O. P. WHITTIER.

(signature)            DAISY E. GAY."

Dated, Oct. 21, 1905.

The defendent does not deny that she withdrew the sale of her property from the agency. Thereupon the plaintiff claimed it was entitled to $50 or 1% of the asking price. The only ground upon which the defendant agreed to pay this commission was in consideration of the plaintiff having listed the property. It was therefore incumbent upon the plaintiff to prove that it had done this. It will be observed from reading the contract that listing was the only thing the plaintiff undertook to do. Other than this, the contract was absolutely one sided. The evidence upon which it seeks to establish performance on its part is found in a single question and answer:

Q. And leaving the description and making the contract constitutes listing, does it?

A. Yes, sir.

The real question at issue is the meaning of the word "listed" as used in the contract. The court is of the opinion that it is more comprehensive than the plaintiff contends: In construing a written contract the words used are to be taken in the ordinary and popular sense, unless from the context it appears to have been the intention of the parties that they should be understood in a different sense.

R. S., ch. 1, sec. 6, par. I.  *Hawes et al.* v. *Smith*, 12 Maine, 429 ; Cyc. 9, 578.

The Century Dictionary defines list: "To put into a list or catalogue; register; enroll." This is the common and ordinary sense in which the word is used, and the one in which the defendant undoubtedly understood it, and had a right to so construe its meaning. We are unable to surmise how the plaintiff could conceive that, in the mind of the defendant, the word meant less. It must be held that the plaintiff had reason to know that the defendant would interpret the word as calculated to require something more than taking a description of the property, which she had a right to suppose the plaintiff intended to make an effort to sell.

It appears from the case that the original plaintiff was a real estate broker and had established in this State an agency for the sale of all kinds of real property. The defendant desired to sell her camps, as they are called, and proceeded to the defendant's agency for the purpose of placing them in his hands for sale. In negotiating with the plaintiff, the evidence of which was excluded, the defendant gave a description of her property to the agent and then signed a contract in which the plaintiff agreed to list it. Here another rule of construction may be applied as laid down in *Hawes et al.* v. *Smith*, 12 Maine, 429, in which the court say : "Nothing can be more equitable than that the situation of the parties, the subject matter of their transaction and the whole language of their instruments should have operation in settling the legal effect of their contract; but it would be a disgrace to any system of jurisprudence to permit one party to catch another, contrary to the spirit of their contract, by a form of words, which perhaps neither party understood." In view of this rule, it seems incredible under the circumstances of this case. that either party of this contract should have understood the word "list," to mean the mere filing of an inventory of the property to be sold, with the agency of the plaintiff. In view of the surrounding circumstances and the purpose of the contract, we are of opinion that the most restricted construction of the word "list" would at least convey a meaning as broad as the definition above quoted from the Century Dictionary, that is, to cata-

logue, register or enroll, so that some mention of the property would appear in some of its pamphlets advertising property for sale.

There is evidence in the record which tends to show that this was the interpretation placed upon the word by the plaintiff itself. One of the exhibits reads upon the cover, which contains an attractive illustration of a house and surroundings, Strout's List No. 19. Another, Supplement A. to Strout's List No. 19. And still others with different headings. While it does not appear that these documents were shown to the defendant, during the negotiations for the listing of her property, they yet may be considered as a circumstance tending to show the proper interpretation of the language used in the contract.

The plaintiff's own evidence shows that it did not comply with the terms of its contract as herein interpreted by the court. It failed to list the property as the contract required. As the verdict was against the law and the evidence, the exceptions need not be considered.

*Motion sustained.*
*New trial granted.*