MEYER v. IMPROVED PROPERTY HOLDING CO. OF NEW YORK.

(Supreme Court, Appellate Division, First Department. April 8, 1910.)

1. BROKERS (§ 51*)—COMMISSIONS—PROCURING CAUSE—NECESSITY.

In an action by a real estate broker for a commission for procuring a tenant for defendant, where plaintiff was not the procuring cause of the lease, though but for his introduction of a person to defendant it would not have been made, he was not entitled to recover.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. § 69; Dec. Dig. § 51.*]

2. BROKERS (§ 86*) — COMMISSIONS — PROCURING CAUSE — EVIDENCE — SUFFICIENCY.

In an action by a real estate broker for a commission, evidence held insufficient to show that plaintiff procured the lessee to make the lease.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 116–120; Dec. Dig. § 86.*]

3. EVIDENCE (§ 418*)—LEASE UNDER SEAL—PARTIES NAMED IN LEASE—PERSONS INTERESTED.

Where a lease was under seal, and the lessor had knowledge that the lessee was taking the lease for the benefit of others as well as himself, the lessor could only look to the lessee for performance, and neither party could be heard to say, as against the other, that others were interested.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1906–1911; Dec. Dig. § 418.*]

4. BROKERS (§ 88*)—COMMISSIONS—CASE FOR JURY—EVIDENCE.

In an action by a real estate broker for a commission for procuring a tenant for the defendant, held, the evidence did not require submission of the case to the jury.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 128, 129; Dec. Dig. § 88.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

5. BROKERS (§ 86*)—COMMISSIONS—EVIDENCE—SUFFICIENCY TO SUPPORT VER-
DICT.

In an action by a real estate broker for a commission for procuring a
tenant for the defendant, evidence *held* insufficient to support a verdict
for plaintiff.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 116–120; Dec.
Dig. § 86.*]

6. BROKERS (§ 88*)—COMMISSIONS—INSTRUCTIONS—REFUSAL TO GIVE.

In an action by a real estate broker for a commission for procuring a
tenant for defendant, it was error to refuse a charge requested by defend-
ant that, if plaintiff introduced S. to defendant as a prospective tenant
for one store, and S. afterwards applied to defendant, either on his own
behalf or for himself and others, for a lease of a number of stores, this
would not give plaintiff a claim for commissions, where the action was
not to recover a commission for procuring a tenant for one store, but for
procuring a lease to K. for nine stores.

[Ed. Note.—For other cases, see Brokers, Dec. Dig. § 88.*]

Appeal from Trial Term, New York County.

Action by Julius Meyer against the Improved Property Holding
Company of New York. Judgment for plaintiff, and defendant ap-
peals. Reversed, and new trial granted.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGH-
LIN, MILLER, and DOWLING, JJ.

George Hahn, for appellant.
Thomas H. Rothwell, for respondent.

LAUGHLIN, J. This is an action brought by a broker to recover
commissions for procuring a tenant for the defendant. The lease of
which the plaintiff claims to have been the procuring cause was by de-
fendant to one Max Kurzrock on the 26th day of April, 1907. It was
in writing and embraced nine stores in the new building at the north-
easterly corner of Forty-Second street and Sixth avenue, known as
"Bryant Park Arcade building," and was for the term of 10 years
from May 1, 1907. The annual rent reserved was a gross sum per
annum, and for the first two years it was $47,437, and thereafter $51,-
750, and was payable in equal monthly installments in advance. The
plaintiff has recovered, on the basis of the rental reserved in this lease,
1 per cent. per annum during the first 10 years of the term, aggregating
the sum of $5,088.75, together with interest thereon. The defendant
paid this precise amount as commissions to one Seleznick for procur-
ing the lease, on the day the lease was executed. The plaintiff was
not sufficiently familiar with the material facts with respect to this
lease to enable his attorneys to allege them accurately.

It is alleged in the complaint that the defendant sublet eight stores
by one or more leases to said Kurzrock; that Kurzrock received the
lease as to seven of the stores for a syndicate composed of himself,
one Lewis J. Seleznick, and others; that the defendant knew when it
executed the lease that Kurzrock represented the syndicate; that
Kurzrock, with full knowledge on the part of the defendant, received
the lease of one of the stores for H. Howard & Co., a corporation of
which Seleznick was an officer; that "sublease or subleases for the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

said eight stores were procured by the plaintiff for the defendant pursuant to the employment of the plaintiff by the defendant; that the said Max Kurzrock was likewise procured by the plaintiff for the defendant as sublessee of the said eight stores as aforesaid; that the persons for whose benefit the said sublease or subleases of seven of the said stores were made and who became liable for their respective shares of the rent due under the said sublease or subleases by their contract as aforesaid, including the said Lewis J. Seleznick and the said Max Kurzrock, were likewise procured by the plaintiff for the defendant to receive the said benefit and to incur the said liability and to enter into the said contract; that H. Howard & Co. was likewise procured by the plaintiff for the defendant to receive the benefit of the said sublease of one of the said stores and to incur the said liability for rent and to enter into the contract as aforesaid and to become the actual tenant of one of the said stores as aforesaid"; that plaintiff's services were of the reasonable value of 1 per cent. of $912,000, the total amount of rent reserved in the lease, or $9,120; and that the defendant promised and agreed to pay the same.

As already stated, there was but a single lease, and it ran for the period of 19 years. The plaintiff originally claimed to be entitled to recover a commission of 1 per centum for the entire period; but, evidently learning that before the lease was made there was an agreement between the defendant and the party who negotiated it by which a commission should only be paid on the rental reserved for the first 10 years, the complaint was amended by limiting the demand to a percentage on the rentals reserved for the first 10 years. The plaintiff was not the procuring cause of this lease, although it may well be that but for his introduction of Seleznick to defendant it would not have been made, and therefore he was not entitled to recover. Sibbald v. Bethlehem Iron Co., 83 N. Y. 381, 38 Am. Rep. 441; Hay v. Platt, 66 Hun, 488, 21 N. Y. Supp. 362; Willard v. Ferguson, 125 App. Div. 868, 110 N. Y. Supp. 909; Cole v. Kosch, 116 App. Div. 715, 102 N. Y. Supp. 14.

On the part of the plaintiff, evidence on the main issue was given by himself and Seleznick. The material part of their testimony, viewed in the most favorable light to the plaintiff, merely shows that Seleznick was conducting a retail jewelry store on Sixth avenue, and the plaintiff in some manner learned, or it occurred to him, that Seleznick was or might be desirous of changing the location of his business; that, with a view to interesting Seleznick in one of these stores, the plaintiff interviewed the assistant secretary of the defendant to ascertain the rentals demanded, and thereafter opened negotiations with Seleznick, who made a proposition for one of the stores which was declined; that defendant's assistant secretary, on Seleznick's suggestion, finally offered to rent one of the stores to him on his final proposition, provided he obtain tenants for two of the other stores; that Seleznick undertook to obtain such tenants, but abandoned it and formed a syndicate for procuring a lease of nine of the stores, and without the assistance or intervention of the plaintiff he succeeded in interesting friends and acquaintances and in organizing a syndicate and

in negotiating the lease to Kurzrock, conducting the negotiations himself directly with the defendant, as is ordinarily done by a broker, having, to the knowledge of the defendant, abandoned any intention of taking a lease of one of the stores for conducting a jewelry business therein, as had been originally contemplated; that the defendant was aware of the fact that Kurzrock in taking the lease was acting for himself and others including Seleznick, and that the latter intended to and did take and occupy one of the stores as a brokerage office, a business which, after giving up the jewelry business, he had determined to engage in; and that before the consummation of the lease Seleznick claimed a commission, and defendant demurred on the ground that he was a principal, but he insisted upon his right to commissions, and defendant yielded to the extent of 1 per cent. on the rents reserved during the first two years.

There is no allegation or proof that the lease was taken in the name of Kurzrock for Seleznick, except as it is alleged that he was to have and did take one store, in bad faith and with a view to depriving the plaintiff of his commissions, which would have presented another question. See Freedman v. Havemeyer, 37 App. Div. 518, 56 N. Y. Supp. 97; Miller v. Vining, 112 App. Div. 307, 98 N. Y. Supp. 466; Waters v. Rafalsky, 134 App. Div. 870, 119 N. Y. Supp. 271. On the contrary, as has been seen, the plaintiff alleges that he procured Kurzrock to make the lease. There is no evidence to sustain this allegation. According to his own testimony, he met Kurzrock by chance once at Seleznick's store, and was there introduced to him by Seleznick, and he was aware of the fact that Seleznick was negotiating with Kurzrock originally for one of the three stores, and later as an associate or member of one syndicate to take all of the unrented stores, and the subject was discussed between him and them; but this is as far as the plaintiff had any connection with Kurzrock. The lease is under seal, and the defendant, even if it had knowledge, which its officers deny, that Kurzrock was taking the lease for the benefit of others as well as himself, it could only look to him for performance, and neither party could be heard to say as against the other that others were interested. Spencer v. Huntington, 100 App. Div. 463, 91 N. Y. Supp. 561; affirmed on opinion below 183 N. Y. 506, 76 N. E. 1109. It is quite likely that the defendant might not have made the lease had the plaintiff not introduced Seleznick to one of its officers; but he was introduced as a prospective tenant for one of the stores for conducting the retail jewelry business therein, and, although he subsequently occupied one of the stores under Kurzrock, such occupancy was not according to his original intention, or of the same nature, or in consummation of the original negotiations.

Counsel for the defendant, at the close of the plaintiff's case, duly moved for a nonsuit, upon the ground that the evidence neither established the cause of action alleged nor any cause of action. This was denied, and an exception was duly taken. It was renewed at the close of the evidence, and an exception was again duly taken to a like ruling. We are of opinion that the case did not require submission to the jury, and that the court erred in denying these motions. But if the

evidence was sufficient in any possible view of it to take the case to the jury, the verdict would be clearly against the weight of the evidence. Moreover, the verdict could not be sustained for the reason that the court declined a request, duly made by defendant, to charge:

"That if the plaintiff, Meyer, introduced Mr. Seleznick to the defendant as a prospective tenant for one store, and Mr. Seleznick afterwards applied to the defendant, either on his own behalf or for himself and others, for a lease of a number of stores, this would not give the plaintiff any claim for commissions."

That request, considered in the light of the complaint, which is not for the recovery of a commission for procuring a tenant for one store, but for procuring this lease to Kurzrock for the nine stores, is a sound proposition and should have been charged, and the exception to the refusal to so charge was well taken.

It follows that the judgment and order should be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.