(159 App. Div. 334.)

### LOEWENTHAL v. KLEIN et al.

(Supreme Court, Appellate Division, First Department. December 5, 1913.)

BROKERS (§ 53*)—COMPENSATION—RIGHT TO COMPENSATION.

    A broker is not entitled to a commission for leasing premises, even though he was the first to call the lessee's attention to the property, where it was not through his efforts, but by those of another, that the lease was made.

    [Ed. Note.—For other cases, see Brokers, Cent. Dig. § 74; Dec. Dig. § 53.*]

Appeal from Appellate Term, First Department.

Action by Marc Loewenthal against Leo M. Klein and another. From a judgment for plaintiff and an order denying a new trial, defendants appeal. Reversed and remanded.

See, also, 142 N. Y. Supp. 1128.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Stoddard & Mark, of New York City (Sharon Graham, of New York City, of counsel), for appellants.

Harrie C. Manheim, of New York City, for respondent.

McLAUGHLIN, J. Action by a broker to recover commissions for procuring a lease of real estate. The execution of the lease by defendants was admitted, and the only question litigated at the trial was whether plaintiff was the procuring cause.

Some time in September, 1912, plaintiff exhibited the premises in question to one Voight, who was the manager and secretary of Renault Freres Selling Branch, Inc., a domestic corporation, which was the New York representative of a company doing business in Paris, France. Shortly thereafter the plaintiff, for the first time, communicated with the defendants, who had charge of the premises in question for the owner, and asked for detailed information in regard to the leasing of same, at the same time stating he had a customer who, under certain

conditions, might take a lease. The desired information was furnished, and he thereupon communicated it to Voight. Nothing further seems to have been done until about the middle of November following, when, according to plaintiff's testimony, he submitted to the defendants on behalf of Voight, or Renault Freres Selling Branch, Inc., a proposition for a lease for a term of ten years at an annual rental of $17,500, and for an additional eleven years at an annual rental of $20,000. This was rejected, the defendants offering to execute a lease for ten years at an annual rental of $20,000, and an additional eleven years at an annual rental of $25,000. Voight was informed by the plaintiff of the rejection of the offer made and the counter proposition by defendants. The Renault Freres Selling Branch, Inc., was, as stated, the representative of the Paris concern, and neither it nor Voight had authority to agree upon the terms of the lease. This the plaintiff understood, and, when he gave Voight the information which he did, Voight immediately forwarded same to the Paris office. Defendants' offer was not accepted, and plaintiff had nothing further to do with the procuring of the lease in question.

It seems another broker, the Cross & Brown Company, some time prior to September, 1912, obtained from the defendants information in regard to the property with a view of trying to rent the same, and in November it learned that Renault Freres Selling Branch, Inc., might possibly take a lease thereof. Brown, the vice president of the Cross & Brown Company, while in Paris opened negotiations with the Paris concern looking towards the leasing of the premises to the Renault Freres Selling Branch, Inc., and, after interviews covering several days, he succeeded in leasing the premises to it for a term of ten years at an annual rental of $18,000, with privilege of renewal for ten years more at $25,000 per year. The lease was executed on December 12, 1912, and the defendants paid the Cross & Brown Company the regular broker's commission for procuring the lease.

The court left to the jury the question of determining whether plaintiff was the procuring cause of the leasing, and it found a verdict in his favor for the amount claimed.

The verdict is not sustained by the evidence. All that plaintiff did was to call the attention of Voight to the premises and submit an offer to make a lease, which was rejected, and to submit an offer made by defendants, which was never accepted. Cross & Brown, the brokers who in fact procured the lease to be executed, did not learn of the property or of the prospective customer through the plaintiff. The negotiations which finally resulted in a lease being made were carried on by Brown in Paris, of which the plaintiff had no knowledge. The fact that the plaintiff may have been the first to call the lessee's attention to the property is of no importance, because it was not through his efforts that the lease was made. In order to entitle plaintiff to commissions, it must have been through his efforts that a lease was procured. Meyer v. Improved Property Holding Co., 137 App. Div. 691, 122 N. Y. Supp. 296. A broker is not entitled to commissions unless he succeeds in doing what his customer has intrusted to him. Sibbald v. Bethlehem Iron Works, 83 N. Y. 378, 38 Am. Rep. 441. Cross

& Brown did succeed, and they thereupon became entitled to their commissions, which were paid. Plaintiff did not succeed, and therefore was not entitled to anything.

The determination of the Appellate Term is reversed, and the judgment and order of the City Court also reversed, and a new trial ordered, with costs in all courts to appellants to abide event. All concur.