## THOMAS v. HENNES.

### [No. 11,221. Filed May 12, 1922.]

1. TRIAL.—*Findings and Conclusions.—Venire de Novo.*—Where the special finding of facts is so indefinite, uncertain and ambiguous that no conclusion of law can be stated thereon, it is reversible error to overrule a motion for a *venire de novo* based on that ground. p. 277.

2. TRIAL.— *Findings.— Including Conclusions and Evidentiary Matters.—Venire de Novo.*—The presence of legal conclusions and evidentiary matters in a special finding of facts does not require that a motion for a *venire de novo* be sustained, where enough ultimate facts are found to support a judgment. p. 277.

3. TRIAL.—*Findings.—Failure to State Essential Facts.—Venire de Novo.*—That a special finding fails to state material and essential facts within the issues is not ground for a *venire de novo*, the remedy for such defect being by a motion for new trial. p. 277.

4. APPEAL.— *Briefs.— Questions Presented.— Rules of Court.*— The sufficiency of the evidence to sustain the verdict or finding is not presented for review where the statement of the evidence in appellant's brief does not precede the propositions or points as required by Appellate Court rule No. 22, cl. 5, relating to the preparation of briefs. p. 278.

5. APPEAL.— *Briefs.— Statement of Evidence.— Sufficiency.*— A partial statement of the evidence in appellant's brief consisting in part of conclusions of counsel as to what the evidence establishes and their opinion of the effect of certain evidence, is insufficient to comply with Appellate Court rule No. 22, cl. 5, relating to the preparation of briefs. p. 278.

6. APPEAL.—*Questions Presented.—Construction of Contract.— Finding that Parties Entered into Contract.*—In a real estate broker's action for commissions, a finding that the parties entered into a written contract therein set out properly presents the contract for construction on appeal. p. 279.

7. BROKERS.— *Real Estate.— Commission Contract.— Construction.—Judicial Notice.*—A contract entered into by a landowner and a real estate broker reciting that the former's farm was listed with the latter for ten days and "in case sale is made in the time above stated," the broker was to be paid a named per cent. of the sale price for his services, implies that the sale must be made by the broker, or as a result of his efforts; it being a matter of common knowledge that it is not usual in such cases to pay a commission in event of sale within a time named, merely for the listing of the property. p. 280.

8.  CONTRACTS.—*Construction.*—Where one construction of a contract would make it unusual and extraordinary, and another construction, equally consistent with the language employed, would make it reasonable, just and fair, the latter must prevail.  p. 281.

9.  CONTRACTS. — *Construction. — Matters Implied. — Force and Effect.*—An implied provision of a contract must be given the same effect as its expressed provisions.  p. 281.

10.  BROKERS.— *Real Estate.— Commission Contract.— Performance.*—A contract entered into by a landowner and a real estate broker making the payment of a commission to the latter contingent upon a sale of land by him does not entitle the broker to a commission upon the sale of the land to one with whom he had communicated and carried on negotiations, where he is not the procuring cause of the sale or of furnishing a customer able, ready and willing to purchase on the terms agreed upon; the payment of a commission being dependent upon the success of the broker's efforts, and not upon the amount of work done or expenses incurred.  p. 282.

11.  BROKERS.— *Real Estate.— Commission Contract.— Performance.*—In a broker's action for commissions based on a written contract for the sale of land, finding of facts *held* not to show that the broker was the procuring cause of the sale of land involved or that he furnished a customer ready, able and willing to buy on the terms agreed on, notwithstanding that the sale was made to one with whom he had previously communicated and carried on negotiations.  p. 283.

12.  BROKERS.—*Real Estate.—Commission Contracts.—Performance.—Sale on Terms Different from Those Stipulated.*—The rule that a real estate broker's right to a commission for the sale of realty is not defeated merely because the terms of sale agreed upon differ from those in the owner's contract with him, has no application where the sale is not made to a customer furnished by the broker.  p. 285.

13.  BROKERS.—*Real Estate.—Contract Giving Exclusive Right of Sale.—Breach.—Remedy.*—Under a contract to pay a real estate broker a commission for the sale of land within a stipulated time and giving him the exclusive right of sale, the fact that other brokers consummated a sale during such period would not entitle him to recover the commission he was to receive in event of a sale by him, his right of action, if any, being for damages for breach of the contract.  p. 285.

14.  TRIAL.—*Conclusions of Law.—Conclusion as to Costs.*—It is unnecessary to state a conclusion law as to the recovery of costs, as the statutes make provisions for the awarding of costs.  p. 285.

From White Circuit Court; *L. B. Boyd,* Special Judge.

Action by Frederick Thomas against Nicholaus Hennes. From a judgment for defendant, the plaintiff appeals. *Affirmed.*

*Palmer & Marvin* and *Gaylord & Sills,* for appellant. *Clarence R. Cowger* and *Lawrence D. Carey,* for appellee.

BATMAN, P. J.—This is an action by appellant against appellee based on a written contract relating to the sale of real estate. The complaint is in a single paragraph, and was answered by a general denial. On the trial the court made a special finding of facts, and stated as its conclusions of law thereon, that appellant should take nothing by his action, and that appellee recover his costs. Appellant filed motions for a *venire de novo* and for a new trial, each of which was overruled. Judgment was rendered in favor of appellee on the conclusions of law, and this appeal followed. The assignment of errors contains twelve specifications, but the only questions presented thereby relate to the action of the court in overruling each of said motions, and in stating its conclusions of law on the facts found.

Appellant's motion for a *venire de novo* is based on the following alleged defects in the special finding of facts: (1) It is so indefinite, uncertain and ambiguous that no conclusions of law can be stated thereon. (2) It consists of legal conclusions and evidentiary matters. (3) It fails to state material and essential facts within the issues. The first defect stated, if it exists, would require a reversal of the judgment because of error in overruling said motion. *Richards* v. *Wilson* (1916), 185 Ind. 335, 112 N. E. 780. However, we are clear that such objection is not well taken. As to the second alleged defect it suffices

to say, that the presence of legal conclusions and evidentiary matters in a special finding of facts does not require that a motion for a *venire de novo* be sustained, where, as in the instant case, enough ultimate facts are found to support a judgment. *Smith* v. *Barber* (1899), 153 Ind. 322, 53 N. E. 1014. The only remedy for the third defect stated, if it exists, was by a motion for a new trial. *Brehm* v. *Hennings* (1919), 70 Ind. App. 625, 123 N. E. 821. The court did not err in its ruling on the motion under consideration.

Appellant's motion for a new trial contains thirteen statements of reasons therefor, but all that are proper are covered by the two statutory grounds, that 4, 5. the decision of the court is not sustained by sufficient evidence and is contrary to law. In order to determine whether a new trial should have been granted on either of said grounds, it would be necessary to consider the evidence, which appellee asserts has not been brought to the attention of the court in conformity to the rules governing the preparation of briefs. This presents a direct question we are not at liberty to ignore. The fifth sub-division of Rule 22, governing the preparation of briefs by appellants, which has been in force for many years and often cited, provides that such briefs shall contain the following:

"A concise statement of so much of the record as fully presents every error and exception relied on, referring to the pages and lines of the transcript. If the insufficiency of the evidence to sustain the verdict or finding, in fact or law, is assigned, the statement shall contain a condensed recital of the evidence in narrative form so as to present the substance clearly and concisely. * * * *Following this statement,* the brief shall contain, under a separate heading of each error relied on, separately numbered propositions or points, stated con-

cisely, and without argument or elaboration, together with the authorities relied on in support of them."

It thus clearly appears that the statement of the evidence must precede the propositions or points, and the authorities relied on in support thereof. Where there has been a failure in this regard, the sufficiency of the evidence to sustain the verdict or finding will not have been presented. *Gwinn* v. *Hobbs* (1917), 72 Ind. App. 439, 118 N. E. 155. In the instant case there has been a total failure to observe this requirement. The only place where appellant has attempted to set out any of the evidence is under point seven of his propositions, but this only purports to be a partial statement. While some of it is in narrative form as the rule requires, other portions consist of the conclusions of counsel as to what certain evidence establishes, and their opinion as to the effect of other evidence. This would render such statement insufficient, under the authorities, regardless of its location in the brief. *Ireland* v. *Huffman* (1909), 172 Ind. 278, 88 N. E. 508; *Rose* v. *City of Jeffersonville* (1916), 185 Ind. 577, 114 N. E. 85; *Webster* v. *Bligh* (1911), 50 Ind. App. 56, 98 N. E. 73; *Rooker* v. *Fidelity Trust Co.* (1921), 191 Ind. 141, 131 N. E. 769. We are compelled to hold that no question is presented regarding the action of the court in overruling appellant's motion for a new trial.

The only remaining assignment of error to be considered relates to the action of the court in stating its conclusions of law. Appellant's first contention 6. in this regard is based on a claim, that the contract in suit should be construed as meaning that he was merely to assist appellee, for a period of ten days, in selling his land, and was to receive for his services two per cent. of the selling price, if a sale was made within that time. It is found, among other things, that

on June 28, 1919, appellee being the owner of 320 acres of land in White county, Indiana, entered into the fol-. lowing written contract with appellant, who was engaged in the real estate business at Monon, Indiana:

"Monon, Ind., June 28th, 1919.
I have this day listed with Fred Thomas for 10 days from this date my farm of 320 acres in Section three north range. 4 west in White County, Ind., for and at the sum of $205.00 per acre $3,000 on contract $35,000. on March 1st 1920, balance to be in first and second mortgage back on the land. In case sale is made in the time above stated I agree to pay Fred Thomas for his services 2 per cent. on the sale price of said farm.
NICK HENNES."

By this finding the contract is properly before us for construction, in determining the correctness of appellant's contention, but we are unable to give our assent to the same. *Rowley* v. *Sanns* (1894), 141 Ind. 179, 40 N. E. 674; *Louisville, etc., R. Co.* v. *Miller* (1895), 141 Ind. 533, 37 N. E. 343; *Brunson* v. *Henry* (1898), 152 Ind. 310, 52 N. E. 407.

It will be observed that it states, that appellee has listed his land with appellant—that is, he has placed it in his hands for some purpose. *Brown* v. *Gilpin* (1907), 75 Kans. 773, 90 Pac. 267; *E. A. Strout Co.* v. *Gay* (1909), 105 Me. 108, 72 Atl. 881, 24 L. R. A. (N. S.) 562. The purpose is made clear, not only by the price and terms named, but also by the use of the word "sale" in the concluding sentence thereof, wherein a contingent compensation is named. Now by whom did the parties intend that the sale should be made, in order to convert such contingent liability into an absolute one? The contract does not expressly state, but it may be implied that it was to be made by appellant, or at least was to be the result of his efforts, since it had been listed with him for the purpose of a

sale. But appellant contends that the implication should be broader than this—in fact, broad enough to include a sale made by appellee through his own efforts, or the efforts of some other broker. Such an implication, if permissible from the language used, would render the contract a most unusual one, as appellee would be required thereby to pay appellant a very substantial sum, as indicated by the per cent. of the selling price, in the event a sale was made within the time named, without any obligation on the part of appellant to do anything, except to place the land upon his list. This we know, as a matter of common knowledge, is not usual among land owners and brokers, where a sale of real estate is involved. *Platt* v. *Johr* (1893), 9 Ind. App. 58, 61, 36 N. E. 294.

It is a settled rule of law, that where one construction of a contract would make it unusual and extraordinary, and another construction, equally consistent with the language employed, would make it reasonable, just and fair, the latter construction must prevail. *Stoddart* v. *Golden* (1919), 179 Cal. 663, 178 Pac. 707, 3 A. L. R. 1060. An application of this rule makes it clearly our duty to restrict the implication as stated above, in determining who must be instrumental in making the sale, in order to render appellee's contingent liability to appellant an absolute one. Having reached this conclusion we must give such implied provision of the contract the same effect as its expressed provisions. *Luther* v. *Bash* (1915), 61 Ind. App. 535, 112 N. E. 110. Our conclusion is that appellant cannot recover on the contract in suit, merely because he listed the land, and the same was sold within the ten day period named therein, after he had made some effort to find a purchaser therefor.

It is further contended by appellant, that even if the court construes the contract as we have indicated, he is,

nevertheless, entitled to have the conclusions of law on the special finding of facts stated in his favor, because it discloses that he furnished the customer to whom appellee sold the land. This contention requires a consideration of what constitutes furnishing a customer, in a transaction involving the sale of real estate, under a contract making the payment of a commission contingent upon a sale by the broker. We note that it is well settled, that under such contracts, the payment of a commission is dependent upon the success of the broker's efforts, and not upon the amount of work done or expenses incurred. The mere solicitation of one, who afterwards becomes a purchaser of the real estate, or even his introduction to the owner, is of no consequence, unless the efforts of the broker are the producing cause of a sale, or at least of furnishing a customer who is able, ready and willing to purchase the land on terms agreed upon. *Barney* v. *Yazoo, etc., Co.* (1912), 179 Ind. 337, 101 N. E. 96, and cases cited; *Rigdon* v. *Estate of Strong* (1906), 128 Ill. App. 447; *Patten* v. *Willis* (1907), 134 Ill. App. 645; *Crain* v. *Miles* (1911), 154 Mo. 338, 134 S. W. 52; *Higgins* v. *Miller* (1900), 109 Ky. 209, 58 S. W. 580; *Frink* v. *Gilbert* (1909), 53 Wash. 392, 101 Pac. 1088; *Whitcomb* v. *Bacon* (1898), 170 Mass. 479, 49 N. E. 742; *Carper* v. *Sweet* (1899), 26 Colo. 547, 59 Pac. 45; *Duval* v. *Moody* (1900), 24 Tex. Civ. App. 627, 60 S. W. 269; *Loewenthal* v. *Klein* (1913), 159 App. Div. 334, 144 N. Y. Supp. 593; *Sibbald* v. *Bethlehem Iron Co.* (1881), 83 N. Y. 378, 38 Am. Rep. 441. As said in the case last cited, and quoted with approval by the Supreme Court of this state in the case of *Barney* v. *Yazoo, etc., Co., supra:*

' "It follows, as a necessary deduction from the established rule, that a broker is never entitled to commissions for unsuccessful efforts. The risk of failure is

wholly his. The reward comes only with his success. That is the plain contract and contemplation of the parties. The broker may devote his time and labor, and expend his money with ever so much of devotion to the interest of his employer, and yet if he fails, if without effecting an agreement or accomplishing a bargain, he abandons the effort, or his authority is fairly and in good faith terminated, he gains no right to commissions. He loses the labor and effort which was staked upon success. * * * He may have introduced to each other parties who otherwise would have never met; he may have created impressions which, under later and more favorable circumstances, naturally lead to and materially assist in the consummation of a sale; he may have planted the very seeds from which others reap the harvest; but all that gives him no claim. It was part of his risk that failing himself, not successful in fulfilling his obligation, others might be left to some extent to avail themselves of the fruit of his labors. As was said in *Wylie* v. *Marine Nat. Bank* (1875), 61 N. Y. 415, in such a case the principal violates no right of the broker by selling to the first party who offers the price asked, and it matters not the sale is to the very party with whom the broker had been negotiating." '

It thus appears that the mere fact that a sale is made to one with whom the broker has not only communicated, but actually carried on negotiations, in his efforts to find a purchaser, will not entitle him to a commission, under such a contract, where he was not the procuring cause of such sale. Turning now to the special finding of facts in this case, we observe that the only facts found, which even tend to support appellant's contention that he furnished the customer to whom appellee sold the land, is, that prior to June 28, 1919, the land in question had been listed by appellee with appellant for sale, under a verbal agreement, and

that while so listed, he informed Mr. Long, who afterwards purchased the land, that he had it for sale and proposed to sell it to him; that at the suggestion of said Long, he obtained the contract in suit on the date last above mentioned; that on the evening of said day, after he had obtained said contract, appellant called on said Long and informed him that the land could be bought for $205 per acre, and offered to sell it to him at that price; that said Long refused to buy the same at that price, and so informed appellant; and that appellant thereafter had no further conversation with said Long with reference to purchasing the same. As against these facts it is expressly found that the only authority appellant had to sell appellee's land and demand a commission therefor, was conferred by the contract in suit; that appellant did not at any time obtain or furnish appellee a purchaser for his land, who was ready, able and willing to buy the same at the price and upon the terms set out in said contract; that appellee did not in any way prevent appellant from making a sale of said land to said Long under the terms of said contract, but he refused to buy the same at the price named therein; that on and prior to June 30, 1919, Wilson and Humphrey were engaged in the real estate business in Wolcott, Indiana, and on said date solicited said Long to purchase appellee's land; that for the purpose of inducing him to buy the same, they brought him to the land on the date last named, and a contract was entered into, whereby a sale thereof was made to said Long on said date at the price of $200 per acre; and that appellee paid said Wilson and Humphrey the sum of $960 as a commission for making said sale. Under these facts it is clear that appellant cannot rightfully claim to be entitled to the commission named in the contract in suit, because he furnished appellee a customer to whom he sold his land, in view of the rules of law governing

such contracts as stated above. This is true because, under the facts found, it must be held that Wilson and Humphrey were the producing cause of such sale, and not appellant.

The conclusion we have reached is not in conflict with the decision in the case of *Herr* v. *McConnell* (1917), 67 Ind. App. 529, 119 N. E. 496, cited by appellant, to the effect that an agent's right to his commission is not defeated merely because the terms of sale agreed upon differ to some extent from those named in the owner's contract with the agent. This rule, however, can have no application in a case like the one at bar, where the sale was not made to a customer furnished by the agent.

Appellant cannot base any right in this action on the fact, as found by the court, that the land was sold by appellee within the ten day period named in the contract in suit. It will be observed that this contract did not give appellant the exclusive right to sell the land for such period, but even if it did, that fact alone would not entitle him to recover the commission he was to receive in the event he made a sale. Under such circumstance, his right of action, if one existed, would be for damages, resulting from a breach of the contract, and not for an amount earned in the performance of services thereunder.

We conclude that the court did not err in stating either of its conclusions of law. We may add, however, that the statement of the second conclusion was unnecessary, as our statutes make provisions for the awarding of costs. *Boyer* v. *Everetts* (1916), 185 Ind. 272, 113 N. E. 1003. We find no reversible error in the record.

Judgment affirmed.