GLASCOCK ET AL. *v.* ALLEN ET AL.

[No. 11,735. Filed December 21, 1923. Rehearing denied March 12, 1924. Transfer denied April 23, 1924.]

1. APPEAL.—*Review.*—*Special Finding of Facts.*—*Sufficiency to Support Conclusions of Law.*—*Facts Considered.*—In determining the sufficiency of a finding of facts to support the conclusions of law, the appellate tribunal considers not only the primary facts which have been specifically found, but also such ultimate facts as are impelled by the primary facts so found. p. 405.

2. APPEAL.—*Review.*—*Special Finding of Facts.*—*Sufficiency to Support Conclusions of Law.*—Facts found in special finding of facts *held* sufficient to support conclusions of law stated thereon. p. 405.

From Fountain Circuit Court; *O. B. Ratcliff,* Judge.

Alvah Glascock filed his final report as the executor of the will and estate of Eliza J. Allen, to which Charles H. Allen and others filed exceptions. From a judgment for the latter, Glascock and others appeal. *Affirmed.*

*V. E. Livengood* and *Forrest E. Livengood,* for appellants.

*A. T. Livengood, James E. Bingham, Lawrence O. Marshall* and *William N. White,* for appellees.

ENLOE, J.—Eliza J. Allen died testate in Fountain County, Indiana, on April 8, 1920, and appellant Alvah Glascock duly qualified as executor of her said estate. On February 1, 1922, said executor filed his final report as such executor, and therein asked that his said report be approved and that he be discharged from his said trust. To this report, exceptions were filed by appellee Charles H. Allen, a judgment creditor of said estate, whose claim remained wholly unpaid. On their petition in that behalf, the appellants Helen Gookins, Martha Gookins and John Jack were admitted as parties to said proceedings that they might thereby have an opportunity to protect certain alleged interests which they severally claimed to have in a portion of the matters in controversy.

The matters in controversy were tried by the court, which, a request therefor having been duly made, made a special finding of facts and stated its conclusions of law thereon. The judgment followed the conclusions of law. There were exceptions to the conclusions of law stated by the court and these exceptions form the basis of the only matter presented on this appeal.

The only question which we are called upon to consider, waiving aside all technicalities and considering the matter upon its merits, is—Are the special findings of fact sufficient to sustain the conclusions of law stated by the court?

In considering the sufficiency of the facts in any given case to sustain the conclusions of law, we consider not only the primary facts which have been ex-

1, 2. pressly found, but also such other facts, ultimate, as are impelled by the primary facts so found. With this rule in mind, we have carefully considered the facts found by the court and the several conclusions of law stated thereon, which affect the interest of the several appellants; we have no hesitation

in saying that such conclusions of law as affect the appellants herein are amply sustained by the facts as found by the court.

Judgment affirmed.