MILGRAM ET AL. *v.* MILGRAM ET AL.

[No. 15,796. Filed January 26, 1938. Rehearing denied March 10, 1938.]

58

*Thomas J. Hurley,* for appellants.

*Hodges, Ridgely & Davis,* for appellees.

KIME, J.—This was an action by the appellants upon a complaint in two paragraphs seeking an injunction against the appellees for the violation of a contract. The appellees answered in four paragraphs: (1) a general denial; (2) no consideration; (3) failure of consideration; and (4) that the contract was void as in restraint of trade. To these affirmative answers the appellants filed replies in general denial. Upon proper request having been made the court found the facts specially and stated conclusions of law thereon. Judgment followed the conclusions that appellants take nothing. Appellants excepted to the conclusions of law and assign as error here that each of the three conclusions of law are erroneous.

From the finding of facts it appears that the appellant, Edward H. Milgram, and Samuel Milgram were partners in the shoe business and that this partnership was dissolved and as a part of this dissolution agreement each partner agreed not to engage in the shoe business in certain designated territory in Gary, Indiana, and that this contract was still in effect. It appears that a few years after the dissolution of the partnership these two brothers and a third brother,

David, entered into a contract which is made the *basis of this injunction suit*. This contract is set out in full in the findings and recited, among other things, that Edward Milgram owed certain money to Samuel Milgram and that they were desirous of securing the registration of the name "M B Bootshop" or "M B Bootshop M B" in the patent office in the name of the three brothers. The contract also contained the following:

"And the parties hereto agree further as follows: Ed Milgram shall not directly, nor indirectly, operate a retail shoe business south of the present right-of-way of the Wabash Railroad Company and that Sam Milgram shall not directly nor indirectly operate a retail shoe business north of the said Wabash Railroad right-of-way, at any time in the future, and that Dave Milgram shall not operate a retail shoe business in the City of Gary, and that neither Sam Milgram nor Ed Milgram shall operate a retail shoe business in the City of Hammond, Indiana, at any time in the future."

The appellants contend that the facts found are not specific enough in that they are silent on certain material points. They do not designate the specific insufficiencies but the absence of such designation is immaterial, as there is sufficient in the finding to show that the conclusions of law of the trial court are correct. Since the court in its findings sets out the contract and certain ultimate facts are impelled by the primary fact so found, sufficient facts were found by the trial court to render the conclusions drawn therefrom proper. *Thomas* v. *Hennes* (1922), 78 Ind. App. 275, 135 N. E. 392; *Glascock* v. *Allen* (1924), 81 Ind. App. 404, 141 N. E. 794; *American Income Ins. Co.* v. *Kindlesparker* (1936), 102 Ind. App. 445, 200 N. E. 432.

The appellants contend that covenants in partial restraint of trade are valid and binding when they are

reasonable and ancillary to or in aid of a contract ■ having a lawful purpose. But this is not sufficient. This is not a complete statement of the rule. The correct rule was laid down by Taft, J., in *United States* v. *Addyston Pipe & Steel Co.* (1898), 85 Fed. 271, 46 L. R. A. 124, wherein after setting out the five major classes of covenants that will support a covenant in restraint of trade* it is said (p. 282) : "It would be stating it too strongly to say that these five classes of covenants in restraint of trade includes all of those upheld as valid at the common law; but it would certainly seem to follow from the tests laid down for determining the validity of such an agreement that no conventional restraint of trade can be enforced unless the covenant embodying it is merely ancillary to the main purpose of a lawful contract, *and necessary to protect the covenantee in the enjoyment of the legitimate fruits of the contract, or to protect him from the dangers of unjust use of those fruits by the other party."* Then follows a quotation from the old English case of *Horner* v. *Graves* (1831), 7 Bing. 735, 743, as follows: " 'We do not see how a better test can be applied to the question whether reasonable or not, than by considering whether the restraint is such only as to afford a fair protection to the interests of the party in favor of whom it is given, and not so large as to interfere with the interests of the public. Whatever restraint is larger than the necessary protection of the party can be of no benefit to either, it can only be op-

* 1. By the seller of property or business not to compete with the buyer in such a way as to derogate from the value of the property or business sold.

2. By retiring partner not to compete with the firm.

3. By a partner pending the partnership not to do anything to interfere by competition or otherwise with the business of the firm.

4. By the buyer of property not to use the same in competition with the business retained by the seller.

5. By the servant or agent not to compete with his master or employer after the expiration of his time of service.

pressive; and if oppressive, it is, in the eye of the law, unreasonable. Whatever is injurious to the interests of the public is void, on the grounds of public policy.'

"This very statement of the rule implies that the contract must be one in which there is a main purpose, to which the covenant in restraint of trade is merely ancillary. The covenant is inserted only to protect one of the parties from the injury which, in the execution of the contract or enjoyment of its fruits, he may suffer from the unrestrained competition of the other. *The main purpose of the contract suggests the measure of protection needed,* and furnishes a sufficiently uniform standard by which the validity of such restraints may be judicially determined. In such a case, if the restraint exceeds the necessity presented by the main purpose of the contract, it is void for two reasons: First, because it oppresses the covenantor, without any corresponding benefit to the covenantee; and, second, because it tends to a monopoly. *But where the sole object of both parties in making the contract as expressed therein is merely to restrain competition, and enhance or maintain prices it would seem that there was nothing to justify or excuse the restraint, that it would necessarily have a tendency to monopoly and therefore would be void.* In such a case there is no measure of what is necessary to the protection of either party, except the vague and varying opinions of judges as to how much, on principles of political economy, men ought to be allowed to restrain competition. There is in such contracts no main lawful purpose, to subserve which partial restraint is permitted, and by which its reasonableness is measured, but the sole object is to restrain trade in order to avoid the competition which it has always been the policy of the common law to foster." See also Restatement of Contracts, §515.

The covenant attempted to be enforced here was not

ancillary to the main purpose of a lawful contract nor was it necessary to protect the covenantee in the enjoyment of the legitimate fruits of the contract nor to protect him from the dangers of an unjust use of those by the other party. From the facts found specially the conclusions stated were correct and judgment of the Lake Superior Court is in all things affirmed.