John D. Bennett, S.
An objection has been filed to the final accounting by a real estate broker who claims he is entitled to $870 for commissions in the sale of estate real property.
The parties agree that the administrator instructed his attorney to list for sale the property in question with the Great Neck Real Estate Board, Inc., and that same was listed on a nonexclusive basis with the objectant who is a member of said board; that the listing dated May 25, 1964, provided that the sale price was $24,000; that all inquiries were to be made to the administrator’s attorney and that said attorney never received any notification from the objectant of the purchaser’s interest in buying the premises.
A contract of sale was entered into on August 29, 1964, for a purchase price of $14,750 with a clause that no broker brought about the agreement. The objectant concedes that the administrator and his attorney had no notice whatsoever at the time the contract was made that the objectant had anything to do with bringing the purchaser to the estate, and that the estate was not notified of the objectant’s claim until October 13, 1964, about two months after the contract of sale was executed. *362 Title to the premises was conveyed pursuant to the contract of sale on November 30,1964.
The objectant concedes that he is not claiming that he brought the parties together, ready, willing and able to enter into a transaction but he testified, and it was not rebutted, that he took the purchaser to several houses in Great Neck, including the premises in question. He advised the purchaser that it was estate property being handled by the administrator’s attorney, Mr. Wolf. He tried to have the prospective purchaser make an offer to him but it was refused. The objectant then made an unauthorized $18,000 offer to the purchaser which was refused. The objectant testified that he had a conversation with the purchaser sometime thereafter and the purchaser advised him that he was not interested in buying a home in the Great Neck area because they were too expensive.
The objectant contends that he need only prove that he was the “ procuring cause of the sale ”; that he made out a prima facie case as a matter of law, and that the petitioner has offered no case whatever in rebuttal.
The only proven act the broker did was to show the premises to the prospective buyer. In order to recover he must prove that he was the “ effectuating instrumentality as distinguished from the planter of seeds ” (Real Property Notes by Herman Pedowitz, Nassau Lawyer, Feb. 1965, p. 31).
Whether the broker was the procuring cause in bringing about the transaction is a question of fact (Matter of Fox, 126 N. Y. S. 2d 158). If there is no evidence that the broker did anything substantial or that he was the efficient, procuring cause of the sale, he is not entitled to commissions (Herman v. Harris, 136 N. Y. S. 2d 581). The mere fact that the broker was the first to call the buyer’s attention to the property is not important (Loewenthal v. Klein, 159 App. Div. 334; Newberry & Co. v. Warnecke & Co., 267 App. Div. 418, affd. 293 N. Y. 698).
The objectant herein did not introduce the prospective purchaser to the seller nor did he notify the seller of the prospective purchaser’s interest. The objectant abandoned all efforts after the prospective purchaser advised him that he was not interested in buying the premises at $24,000 nor $18,000. There is no proof that it was the objectant’s efforts which brought about the transaction or if another broker from the Great Neck Beal Estate Board contributed in any way to the transaction. The objectant had the burden of proving he was the procuring cause of the transaction and failed to meet this burden.
*363 The estate sold the premises at a tremendously reduced price, being confident that no brokerage commissions were due. The estate should not suffer from the broker’s failure to advise the estate of his interest in the matter (Cohen v. City Bank Farmers Trust Co., 276 App. Div. 195).
The broker’s procuring cause must be the proximate cause as opposed to the indirect, accidental or remote cause of bringing a purchaser to a seller. Where the broker attracts attention to property interests and the prospective purchaser refuses to negotiate through the broker, the broker is not entitled to commissions if the principal in good faith thereafter negotiates a contract on the direct application of the purchaser (Lord v. United States Transp. Co., 143 App. Div. 437).
The objectant appears to rely heavily on Salzano v. Pellillo (4 A D 2d 789). There the seller was a builder and it was conceded that the broker brought the prospective purchasers to the seller, introduced them and showed the prospective purchasers several other homes built by the seller. All further negotiations were completed by the seller and purchasers without the aid of the broker. In the examination before trial, the seller conceded that the broker earned a commission on the land only. The broker also asserted his rights prior to the signing of the contract.
Here the broker did not introduce the prospective purchaser to the seller; the seller denies any commissions due, and the broker did not assert his rights until well after the contract of sale was made. Moreover here the broker gave up all hope of selling the premises in question to the purchaser and did not even advise the seller of any interest whatsoever that the purchaser had in the premises.
It is basic that the broker must bring the minds of the buyer and seller to an agreement together before he has a right to commissions (Sibbald v. Bethlehem Iron Co., 83 N. Y. 378). It is true that this may be assumed in cases where the parties enter into a contract and from the facts it can be adduced that it was the broker’s efforts which brought about the deal (Gelardin v. Flomarcy Co., 267 App. Div. 464, mod. 293 N. Y. 217). From the facts submitted herein, the court cannot assume that the broker brought about the agreement or that he was the proximate procuring cause of same. The objection is dismissed and the claim disallowed.